Commonwealth *v.* Silvis, Appellant.

Argued September 29, 1971. Before JONES, EAGEN, O'BRIEN, POMEROY and BARBIERI, JJ.

*Jerome D. Lombardi,* for appellant.

*D. Dale Claypool,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE JONES, December 20, 1971:

Appellant was charged with murder and armed robbery in Forest County. A pre-trial petition for change of venue was granted and we transferred the case to the Common Pleas Court of Armstrong County. Appellant was tried before a jury which ultimately rendered a verdict of first degree murder. After disposition of post-trial motions, appellant was sentenced to life imprisonment. This appeal followed.

Briefly reconstructing the facts, an armed robber confronted Miss Alice Neal Siggins, an aged and retired school teacher, and her housekeeper, Mrs. Opel Redman, in Miss Siggins' home on the evening of April 12, 1969. The assailant demanded money and the housekeeper turned to leave the room in order to satisfy the robber's demand. Before Mrs. Redman was able to depart, she heard Miss Siggins make some pleading remark and state, "Oh dear God". Simultaneously a shot rang out and Miss Siggins was fatally wounded. After stating to Mrs. Redman that the homicide was an accident, the robber fled the premises without taking any money. That same evening the appellant voluntarily surrendered to the Pennsylvania State Police.

Relying on our decision in *Com. v. Anderson*, 441 Pa. 483, 272 A. 2d 877 (1971), appellant first contends that the failure to record the Commonwealth's opening address and summation precludes a meaningful appeal.* In *Anderson*, this Court pertinently stated that, "while a transcript per se is not an absolute due process necessity, there must at least be an equivalent 'picture' of what transpired below." 441 Pa. at 493, 272 A. 2d at 882. We believe that the policy considerations behind *Anderson* are inapposite to the situation at bar. Unlike alleged errors committed during the course of the trial, which are difficult to review absent a record of the proceedings below, improper remarks or comments made by the prosecution can and should be quickly brought to the attention of the court. *Cf., Com. v. Allen*, 443 Pa. 15, 276 A. 2d 439 (1971). Moreover, improper remarks can be corrected by the trial judge *sua sponte*. Indeed, control of the prosecution's comments is largely delegated to the discretion of the trial judge. Despite the variety of views expressed in *Com. v. Jennings*, 442 Pa.

---

* The appellant's counsel states in his brief that he is severely handicapped inasmuch as he did not act as appellant's trial counsel.

18, 274 A. 2d 767 (1971), a present majority of this Court shares the view that unexcepted portions of the judge's charge are subject to the "fundamental error" test; that standard should apply with equal force to prosecution comments. While it may be preferable to record opening and closing addresses to the jury, we do not believe that due process demands a recordation.

The remaining arguments advanced by the appellant are related insofar as he contends that errors were committed by the jury's failure to consider, the trial judge's failure to charge and trial counsel's failure to emphasize the fact that appellant was allegedly intoxicated when he shot the victim. Although the Commonwealth proceeded on a theory of felony-murder, appellant contends that appellant's alleged intoxication precludes a finding of first degree murder. We recently rejected this argument in *Com. v. Moroz*, 444 Pa. 493, 281 A. 2d 842 (1971).

Judgment of sentence affirmed.

Mr. Chief Justice BELL and Mr. Justice ROBERTS took no part in the consideration or decision of this case.