418 A.2d 487

COMMONWEALTH of Pennsylvania

v.

John C. JOHNSON, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed Jan. 18, 1980.

442

George W. Berkelbach, III, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before VAN der VOORT, WIEAND, and LIPEZ, JJ.*

WIEAND, Judge:

John C. Johnson was tried non–jury and found guilty of rape, involuntary deviate sexual intercourse, aggravated and indecent assaults. No post trial motions were filed. At sentencing, trial counsel told the court that he had reviewed the trial record and found no meritorious basis for requesting post trial relief. Following the imposition of sentences of imprisonment, Johnson appealed, and new counsel was appointed to represent him. Appellant contends that trial counsel was ineffective.[1] We disagree and, accordingly, affirm the judgments of sentence.

* Judge DONALD E. WIEAND is sitting by special designation.

1. The record does not indicate that appellant knowingly and intelligently waived his right to file post trial motions; therefore, as the Commonwealth concedes, appellant is now entitled to a direct appeal, limited to the issues of trial counsel's alleged ineffectiveness.

Appellant does not question the sufficiency of the Commonwealth's evidence. This demonstrated that Doris Turner, the complainant, had terminated a dating relationship with appellant because of his physical mistreatment of her. On the evening of April 5, 1977, the two experienced a chance meeting in a Philadelphia bar. When Doris attempted to leave, appellant threatened her with a gun, ordered her into his car, and drove her to his home. There, over a period of several hours, appellant chained her to a bed and raped her. He also beat her about the head, blindfolded, choked and threatened to kill her. Appellant forced her to submit to anal intercourse and inserted a hot, burning object into her vagina. When released, Doris was in extreme pain, was coughing up blood and was experiencing vaginal bleeding. She was hospitalized for two weeks, and at the time of trial was still receiving medical and psychiatric treatment.

Appellant's trial strategy was not to deny that Doris had been assaulted but to contend that he had been falsely accused because of his brief affair with her. Appellant, his mother and other witnesses testified that although appellant and Doris had been together on the evening in question, they had separated and appellant had gone home alone.

■ Appellant contends that trial counsel was ineffective: 1) for failing to file post trial motions, 2) for not preparing a written brief advising the court and appellant of the absence of meritorious issues, 3) for not objecting to the admission of certain hospital records, 4) for failing to object to a statement allegedly made by appellant to a pre–sentence investigator, and 5) for failing to object to multiple sentences arising from a single criminal transaction. In considering the alleged ineffectiveness of counsel, we must determine whether any of appellant's claims have arguable merit, and if so, whether counsel's actions had some reasonable basis designed to effectuate his client's interests. *Commonwealth v. Stago*, 267 Pa.Super. 90, 406 A.2d 533 (1979), citing *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

■ Appellant's first argument is that failure to file post–trial motions per se demonstrates ineffectiveness. This is not a valid argument. Appellant has the burden of raising specific errors or omissions to demonstrate that counsel was constitutionally ineffective. *Commonwealth v. Garcia*, 478 Pa. 406, 387 A.2d 46 (1978). In this case, however, he has not suggested any specific issue which counsel should have raised in post–trial motions.

Appellant attempts to apply to trial counsel's decision not to file post–trial motions the standards for withdrawal of court–appointed appellate counsel imposed in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968). We decline to do so. There are other effective means by which a criminal defendant's right of appeal can be preserved without requiring trial counsel to submit a written brief when he determines that post-trial motions would be frivolous.

■ Appellant also contends that trial counsel's stipulation to the admission of the victim's hospital records was evidence of ineffectiveness. In the light of the defense presented at trial, i. e. that the assault occurred but was not perpetrated by appellant, it is apparent that counsel's strategy was to minimize the references to and description of the assault in favor of a concentrated attack on the credibility of complainant's accusation against appellant. This was achieved by permitting the hospital records to be received in evidence without comment or elaboration. It is not ineffective for counsel to concede elements of a case which are supported by strong proof. "The essence of advocacy is to select in light of the evidence and trial atmosphere what may be conceded and to challenge what counsel's judgment indicates may best advance his client's interests." *Commonwealth v. Hudson*, 455 Pa. 117, 124, 314 A.2d 231, 235 (1974).

■ Counsel's failure to object at sentencing to a statement allegedly made by appellant to a pre–sentence investigator that "some women need to be raped" is next asserted

as ineffectiveness. At sentencing, when trial counsel asked appellant if he had made the statement, appellant denied it. The sentencing judge thereupon told appellant that he would not consider the statement and appreciated counsel's making the correction for the record. Thus, the disputed statement did not enter into the judge's sentencing decision;[2] appellant was in no way harmed by the statement, and counsel handled it professionally.

■ Finally, appellant contends that his convictions for rape and involuntary deviate sexual intercourse merged, and that counsel should have objected to the multiple sentences imposed for such crimes. We reject this contention, for the convictions arose from separate and distinct acts committed upon the victim. See *Commonwealth v. Romanoff*, 258 Pa.Super. 452, 392 A.2d 881 (1978).

The judgments of sentence are affirmed.

**2.** We also find meritless appellant's argument that counsel should have suppressed the statement allegedly made during the pre–sentence interview because it was a custodial interrogation and should have been conducted under the protections of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *Miranda* has never been applied to non–incriminatory, post trial procedures, and we decline to so extend it.