421 A.2d 267

**COMMONWEALTH of Pennsylvania**

v.

**Curt THOMAS, Appellant.**

Superior Court of Pennsylvania.

Argued March 18, 1980.

Filed July 11, 1980.

Dennis H. Eisman, Philadelphia, for appellant.

Ann Lebowitz, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, WICKERSHAM and LIPEZ, JJ.

WICKERSHAM, Judge:

On December 24, 1977, Germaine Stewart, age 18, was exiting from Wimpys at Broad and Girard Streets in the City of Philadelphia. She was intending to go to her moth-

er's home in the West Oak Lane area, when she encountered Curt Thomas, one of the co–defendants and the appellant herein. He identified himself as a hack or taxi and offered to take her to her destination. They reached his car a block away, and as Germaine began to enter the car on the passenger side, she was pushed into the back seat by co–defendant.

She was threatened, told to be quiet, and her right arm was squeezed. The three drove to a vacant building at 15th and Girard Avenues and she was forcibly taken inside and up to a third floor apartment containing only a mattress.[1]

She was fondled, her clothes were removed, and she was pushed onto the mattress. She cried, protested and resisted. She feared for her life. The appellant, Curt Thomas, had or attempted intercourse with her four times and co–defendant twice. They tried to force oral sex on her and anal sex over a two and one half hour period.

The victim, upon leaving the premises, immediately reported the crime to the police. She identified the vehicle and she picked both defendants from separate line–ups. She took the police to the scene and made positive in–court identification of both defendants in the jury trial before the Honorable Joseph P. Braig of the First Judicial District of Pennsylvania. Neither defendant testified and after jury deliberation both were convicted of rape, attempted involuntary deviate sexual intercourse, simple assault, aggravated assault and criminal conspiracy.

The defendants were sentenced to twelve and one–half to thirty years, and Curt Thomas, appellant, has filed this direct appeal.[2]

Appellant, who is represented by private counsel in this appeal, and who was represented at trial by an Assistant Public Defender, raises seven issues in seeking a new trial.[3]

1. Trial record pages 36–49.

2. Trial record pages 49–79 and docket entries.

3. The Statement of Questions Involved are framed thusly:

 Through cross–examination of Commonwealth witnesses, the defense attempted to establish consent as a defense.[4]

The crime of rape is defined as:

A person commits a felony of the first degree when he engages in sexual intercourse with another person not his spouse:

(1) by forcible compulsion;

(2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

(3) who is unconscious; or

(4) who is so mentally deranged or deficient that such person is incapable of consent.

1972, Dec. 6, P.L. 1482, No. 334, § 1, eff. June 6, 1973, 18 Pa.C.S.A. § 3121.

In *Commonwealth v. Rough*, 275 Pa.Super. 50, 418 A.2d 605 (1979) we said at pages 56–57 of 275 Pa.Super., at 608–609 of 418 A.2d:

"The only element appellant disputes was sufficiently proved is forcible compulsion. The force necessary to sup-

"I. Is Appellant entitled to a new trial due to the inadequacy of the Court's charge on the defense of consent to the crimes of rape and involuntary deviate sexual intercourse?
(Answered in the negative by the Court below)

II. Is Appellant entitled to a new trial due to the fundamental error of the trial court in permitting the prosecutor to make prejudicial remarks.
(Not answered by the Court below)

III. Is Appellant entitled to a new trial due to ineffective assistance of counsel for the following reasons which appear in the record on this case:
A. Failing to conduct adequate pre–trial hearings
B. Failing to object to prejudicial remarks of the prosecutor
C. Failing to object to the charge of the court
D. Failing to file adequate post–trial motions to preserve issues for appeal.
(Not answered by the Court below)

IV. Is Appellant entitled to a new trial since he did not receive effective assistance in preparation and investigation of his defense.
(Not answered by the Court below)"
(Page 4, Appellant's Brief).

4. No defense witnesses were presented.

port a rape conviction need only be such as to establish a lack of consent, and it is relative depending upon the particular circumstances. *Commonwealth v. Irvin*, 260 Pa.Super. 122, 393 A.2d 1042 (1978). '[C]onsent is an act of free will. It is not the absence of resistance in the face of actual or threatened force inducing a woman to submit to a carnal act'; active opposition is not a prerequisite to finding lack of consent. *Commonwealth v. Hayden*, 224 Pa.Super. 354, 356– 57, 307 A.2d 389, 390 (1973). *See Commonwealth v. Moskorison*, 170 Pa.Super. 332, 85 A.2d 644 (1952). Outcry, struggle and fresh complaint need not be proven to sustain a rape conviction, but are merely factors to be weighed by the trier of fact. *Johnson Appeal*, 445 Pa. 270, 284 A.2d 780 (1971); *Commonwealth v. Hornberger*, 199 Pa.Super. 174, 184 A.2d 276 (1962). In the present case, the victim's testimony as to her fear and appellant's forceful treatment of her demonstrated sufficient lack of consent to sustain the verdict."

The trial judge fully and fairly charged the jury in this regard and expanded his charge to the jury after request of defense counsel. (N.T. 322 et seq.)

Next, appellant contends that trial counsel was ineffective for failing to object to alleged improper remarks made by the prosecutor during his summation.

■ The ineffectiveness claim is not waived since, as noted above, new counsel represents Thomas for the first time at the post conviction state. *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977).

■ We have carefully examined the closing arguments of counsel as set forth in the record. (N.T. 199–269.) The proper test is set forth in *Commonwealth v. Anderson*, 490 Pa. 225, 415 A.2d 887 (1980), wherein Chief Justice Eagen said:

"We have repeatedly said the district attorney is a quasi-judicial officer representing the Commonwealth, and his duty is to seek justice, not just convictions. See *Commonwealth v. Mayberry*, 479 Pa. 23, 387 A.2d 815 (1978); *Commonwealth v. Gilman*, 470 Pa. 179, 368 A.2d 253 (1977). The

district attorney must limit his remarks to facts in evidence and legitimate inferences therefrom. *Commonwealth v. Mayberry*, supra; *Commonwealth v. Gilman*, supra; *Commonwealth v. Goosby*, 450 Pa. 609, 301 A.2d 673 (1973); *Commonwealth v. Principatti*, 260 Pa. 587, 104 A. 53 (1918). The district attorney may not ask the jury to draw unwarranted deductions from the evidence. *Commonwealth v. Touri*, 295 Pa. 50, 144 A. 761 (1929). During summation, the district attorney must present the facts in a manner which allows the jury to dispassionately and objectively evaluate the testimony in a sober frame of mind and which produces a verdict warranted by the evidence, not one inspired by emotion. *Commonwealth v. Harvell*, 458 Pa. 406, 327 A.2d 27 (1974). Finally, we have condemned remarks by the district attorney which stigmatize a defendant."

We have examined the remarks of the District Attorney closely and find no error. What was said in *Commonwealth v. Stoltzfus*, 462 Pa. 43, at 61, 337 A.2d 873 (1975), is pertinent:

But even where the language of the district attorney is intemperate, uncalled for and improper, a new trial is not necessarily required. *Commonwealth v. Crittenton*, 326 Pa. 25, 31, 191 A. 358 (1937); *Commonwealth v. McHugh*, 187 Pa.Super. 568, 577, 145 A.2d 896 (1958). The language must be such that its "unavoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict." *Commonwealth v. Simon*, 432 Pa. 386, 394, 248 A.2d 289, 292 (1968). See also *Commonwealth v. Myers*, 290 Pa. 573, 139 A. 374 (1927). The effect of such remarks depends upon the atmosphere of the trial, *Commonwealth v. Dickerson*, 406 Pa. 102, 110, 176 A.2d 421 (1962); *Commonwealth v. Del Giorno*, 303 Pa. 509, 519, 154 A. 786 (1931), and the proper action to be taken is within the discretion of the trial court. *Commonwealth v. Silvis*, 445 Pa. 235, 237, 284 A.2d 740 (1971); *Commonwealth v. Simon*, supra. Viewing the remarks complained of as inspired, at least in part, by the

conduct of defense counsel, we conclude the trial court did not abuse its discretion in refusing to declare a mistrial.

■ Defendant's final contentions again center on the alleged ineffectiveness of trial counsel, which contentions we find to be without merit.

"Defendant protests that trial counsel was ineffective because he failed to file a *Bighum* motion, thereby preventing defendant from taking the witness stand (Brief for Appellant at 15–16). This allegation was belatedly asserted after the disposition of post–verdict motions (N.T. 9/12/78, 80) when defendant, dissatisfied with his conviction and the denial of his post–trial claims, apparently engaged in a hindsight analysis of his earlier strategic decisions. However, absent evidence of impropriety on the part of trial counsel, defendant must bear the burden of his decision not to testify and he cannot shift the blame to his attorney. Cf. *Commonwealth v. Boyd*, 461 Pa. 17, 30, 334 A.2d 610 (1975) (appellant cannot shift blame for decision to waive jury trial).

"Section 4–5.2(a) of the ABA Standards Relating to the Administration of Criminal Justice, Standards Relating to the Defense Function (Approved Draft, 1979) provides that:

> Certain decisions relating to the conduct of the case are ultimately for the accused and others are ultimately for defense counsel. The decisions which are to be made by the accused after full consultation with counsel are (i) what pleas to enter; (ii) whether to waive jury trial; (iii) *whether to testify in his own behalf.*

(emphasis supplied). The language of this section is unchanged from that approved in 1971 when the commentators observed that:

> In making these decisions . . . the accused should have the full and careful advice of his lawyers. Although counsel should not demand that his own view of the desirable course be followed, *he is free to engage in fair persuasion and to urge his considered professional opinion on his client.*

ABA Standards, The Defense Function, § 5.2, Commentary at 237–238 (emphasis supplied). There is no evidence here that trial counsel exercised any undue influence over defendant's decision not to testify. While defendant conceded that his counsel advised him not to take the stand (N.T. 9/12/78, 80–81), defendant was apparently quite happy to accept this advice until the jury rendered an adverse verdict. It was only then that defendant began to reconsider his earlier tactical choices with an eye toward assessing the blame to his lawyer's supposed ineffectiveness. See *Commonwealth v. Boyd, supra.*

"Moreover, the record indicates that trial counsel instructed defendant regarding the guidelines of *Bighum* (N.T. 9/12/78, 81), and that counsel reasonably determined that a *Bighum* motion would have been frivolous in view of defendant's criminal record. The notes of testimony from the sentencing hearing reveal that defendant had just been paroled on a recent robbery conviction when he committed this offense (N.T. 9/12/80, 53). Under these circumstances, counsel cannot be found ineffective for his failure to litigate a spurious *Bighum* motion.[18] As this Court said recently in *Commonwealth v. Connor*, 258 Pa. Super. 246, 250, 392 A.2d 776, 779 (1978):

> counsel will not be deemed ineffective for failing to request the court to indulge in collateral evidentiary hearings in the absence of some affirmative evidence that such hearings will be beneficial to his client's case.

Defendant's allegation that counsel was ineffective for failing to file adequate post–trial motions is equally meritless. Although defendant makes the bald assertion "several important issues were lost to the defendant" as the result of counsel's alleged post–trial inadequacy (Brief for Appellant at 17), defendant fails to enumerate the supposedly meritorious issues which trial counsel failed to include in post–verdict motions. Cf. *Commonwealth v. John C. Johnson*, 274 Pa.Super. 440 at 444–445, 418 A.2d 487 at 489 (1980) (failure to file post–verdict motions not *per se* ineffective; defendant bears burden of specifying errors

or omissions which demonstrate ineffectiveness). One must therefore assume that defendant relies on the substantive claims which form the basis of his remaining allegations of ineffectiveness. Since these underlying claims are each without even arguable merit, trial counsel cannot be found ineffective for failing to include them in his post–verdict motions. *Commonwealth v. Ramsey*, 259 Pa.Super. 240, 252, 393 A.2d 806, 813 (1978)." [5]

Defendant's final contention, which we find to be equally without merit, is that his trial counsel was ineffective for failing to interview and "possibly subpoena" certain unnamed witnesses in his defense. This bare assertion of error does not warrant the grant of appellate relief.

Judgment of sentence is affirmed.

---

**5.** Taken with approval from Commonwealth's Brief, pages 8–9.