## Jones v. National Mutual Casualty Ins. Co.

*Arthur M. Wilson,* for petitioner.
*Stephen D. Marriner,* for respondent.

GLADDEN, *J.*, September 10, 1981—

### FINDINGS OF FACT AND DISCUSSION

1. Plaintiff is June Ann Jones, currently of 2477 66th Avenue South, St. Petersburg, Florida, and formerly of 1228 Overlook Drive, Washington, Pa.

2. Defendant is Pennsylvania Mutual Casualty Insurance Company (hereinafter referred to as defendant insurance company), a Pennsylvania mutual stock insurance company licensed to do business in the Commonwealth of Pennsylvania,

with offices at 300 Penn Center Boulevard, Pittsburgh, Pa.

3. Plaintiff was an insured party under Policy No. 100308357, which was issued to her in compliance with the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 439, 40 P.S. § 1009.101 et seq. (hereinafter referred to as the Act) by defendant insurance company. Said policy was in effect on August 16, 1976.

4. On August 16, 1976, plaintiff was seriously injured in an automobile collision on Interstate 70 in the vicinity of the Murtland Avenue exit in Washington County, Pa.

5. As a result of this accident plaintiff instituted the instant civil action against defendant insurance company to recover work loss benefits under the act.

6. At no time after defendant insurance company's receipt of plaintiff's claim for work loss benefits or receipt of plaintiff's physician's medical report did defendant give plaintiff any instructions, impose upon plaintiff any requirements (e.g., that plaintiff be examined by defendant's physician), or impress upon plaintiff the need to comply with any other internal procedures of the company that would aid defendant in processing plaintiff's claim for work loss benefits.

7. To date defendant insurance company has not paid plaintiff any work loss benefits.

Plaintiff instituted this action against her insurance company by filing a petition to compel payment of benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act. Plaintiff seeks to recover work loss benefits under section 205(c) of the act, 40 P.S. § 1009.205(c), which provides that, for a victim who has not worked for three years immediately preceding an accident in which injury occurred, "probable annual income" means the aver-

age gross income of a production or non-supervisory worker in the private non-farm economy in the state in which the victim is domiciled at the time the accident occurs, absent a showing that it is or would be some other amount.

After a review of the facts and the applicable law, we find that plaintiff is entitled to receive the maximum amount of work loss benefits recoverable under the act.

From June 1, 1965, to June 30, 1970, plaintiff was employed full-time at Fairmont Supply Company, as a general purchasing clerk, at a salary of $355 per month. In June, 1970, she discontinued her employment at Fairmont to be married in July of 1970. On August 23, 1971, plaintiff gave birth to a daughter.

Plaintiff was not employed from June 30, 1970, to August 16, 1976, the date of the automobile collision which precipitated plaintiff's claim for work loss benefits under the act. However, prior to the accident plaintiff had planned to seek part-time employment when her daughter would be attending kindergarten during the latter part of 1976 or in early 1977. Furthermore, plaintiff planned to seek full-time employment in August of 1977, when her daughter would be entering the first grade. The automobile collision of August 16 thwarted these plans. It should be noted that plaintiff is an attractive, well-groomed and pleasant young woman in her mid-thirties and, in our judgment, a good candidate for employment as an office clerk or similar type job.

As a result of the collision, plaintiff suffered serious injuries, including multiple facial lacerations, a fracture of the distal right radius, a subcapital fracture of the neck of the right femur, a chip fracture at the tip of the distal fibula, a fracture of the pelvis in the region of the left hip, and multiple

contusions and abrasions. Plaintiff underwent significant treatment for these injuries, including hip replacement surgery.

On the date of the collision there was in effect an insurance policy issued to plaintiff by defendant that complied with the requirements of the act. Plaintiff applied for benefits due her under that policy. Defendant compensated plaintiff for her medical expenses but refused to pay her work loss benefits. Defendant insurance company has attempted to justify its refusal to pay plaintiff on the basis of information found in plaintiff's application for benefits. On that form and in response to defendant's questions, "At the time of your accident were you employed?" and "Did you lose wages or salary as a result of your injury?" plaintiff wrote "No." Consequently, it is defendant's position that plaintiff is not entitled to work loss benefits. We disagree.

The Pennsylvania No-fault Act specifically provides for work loss benefits to be paid to victims who are not employed at the time of the accident and who have not been employed for the three years preceding the accident. Section 205(c) of the act, 40 Pa.C.S.A. § 1009.205(c), provides:

"Not employed.—The work loss of a victim who is not employed when the accident resulting in injury occurs shall be calculated by: (1) determining his probable weekly income by dividing his probable annual income by fifty-two; and (2) multiplying that quantity by the number of work weeks, or fraction thereof, if any, the victim would reasonably have been expected to realize income during the accrual period."

"Probable annual income" is defined by section 205(d) of the act, 40 P.S. § 1009.205(d), which provides in pertinent part:

"Probable annual income" means, absent a showing that it is or would be some other amount, the following: . . . (C) the average annual gross income of a production or non-supervisory worker in the private nonfarm economy in the state in which the victim is domiciled for the year in which the accident resulting in injury occurs, for a victim who has not previously earned income from work."

Because plaintiff had not been employed for the three years preceding the accident on August 16, 1977, plaintiff's expected work-related income is to be calculated by reference to the "average annual gross income of a production or non-supervisory worker in the private nonfarm economy" in Pennsylvania. The Pennsylvania Insurance Commissioner reports and publishes the average annual gross income of such a worker in the Pennsylvania Bulletin. The Commissioner also reports the monthly maximum limitations on work loss benefits as controlled by section 202(b) of the act, 40 P.S. § 1009.202(b)*

For the years in which plaintiff was physically incapable of performing work, plaintiff's probable income is calculated by referring to the insurance commissioner's average gross income figure. If this average gross income figure is greater than the monthly maximum limitations on work loss bene-

---

*"Work loss limits.—Work loss, as defined in section 103 shall be provided: (1) up to a monthly maximum of: (A) one thousand dollars ($1,000) multiplied by a fraction whose numerator is the average per capita income in this Commonwealth and whose denominator is the average per capita income in the United States, according to the latest available United States Department of Commerce figures; or (B) the disclosed amount, in the case of a named insured who, prior to the accident resulting in injury, voluntarily discloses his actual monthly earnings to his obligor and agrees in writing with such obligor that such sum shall measure work loss. . . . "

fits, then the maximum figure will be substituted for the average gross income figure in calculating work loss benefits owed to plaintiff. Using those amounts for the period of time between January 1, 1977, and June 1, 1980, when plaintiff was unemployable due to her injuries and when plaintiff testified that she had planned to work, plaintiff would be entitled to an amount which is clearly in excess of $15,000.

Section 202(b) of the act, 40 P.S. §1009.202(b), provides: "Work loss limits. — Work loss, as defined in section 103 shall be provided: . . . (2) up to a total amount of fifteen thousand dollars ($15,000)."

Although plaintiff suffered an economic loss in excess of $15,000, she is only entitled to recover the maximum amount of $15,000, as provided for by the act.

Plaintiff stated in her application for benefits that she was not employed at the time of her accident and that she did not lose any wages as a result of her injury. Plaintiff's statements were made on August 30, 1976, and concerned her condition as a wage earner on August 16, 1976, the date of the accident. The determination that we are called upon to decide today concerns whether plaintiff is entitled to receive work loss benefits for a period of time in which she would have been employed but for the accident, i.e., from January 1, 1977, to June 1, 1980. Therefore, plaintiff's answers on her August 30, 1976 application are not relevant to our determination.

Defendant has argued that the conditional provision of section 205(d) of the act, 40 P.S. §1009.205(d), may be determinative of the result in this case. Section 205(d) provides: "'Probable annual income' means, *absent a showing that it is or would be some other amount,* the following: . . . " (Emphasis supplied.)

We agree that the underscored phrase does condition the probable income of a victim on the absence of other circumstances; however, defendant has not introduced any facts either in the admitted pleadings or in its testimony at trial to show that plaintiff would not have been employed as she had planned. We cannot speculate as to what *might* have occurred to thwart plaintiff's plans for employment absent a showing to that effect.

Accordingly, we find that but for her accident-related injuries, plaintiff would have been available for work during the period of time following the accident and would have had a reasonable expectation of employment and income. See Erie Insurance Exchange v. Roule, 279 Pa. Superior Ct. 40, 420 A. 2d 733 (1980).

Plaintiff also claims that she is entitled to interest at the rate of 18 percent per annum as provided by section 106(a) of the act. Section 106(a) states:

"(a) In general.—(1) No-fault benefits are payable monthly as loss accrues. Loss accrues not when injury occurs, but as allowable expense, work loss, replacement services loss, or survivor's loss is sustained. (2) No-fault benefits are overdue if not paid within thirty days after the receipt by the obligor or each submission of reasonable proof of the fact and amount of loss sustained. . . . "

We agree with plaintiff that she would be entitled to interest at 18 percent per annum on any overdue payments, regardless of the reasonableness or good faith of defendant in withholding these work loss benefits: Hayes v. Erie Insurance Exchange, 493 Pa. 150, 425 A. 2d 419, 421 (1981). However, plaintiff has not presented us with any testimony, nor do the admitted pleadings disclose, that plaintiff specifically requested work loss benefits from defendant insurance carrier before the filing of the complaint which instituted the instant action.

Therefore, we hold that 18 percent interest per annum shall be computed on the $15,000 work loss benefits due plaintiff as of November 18, 1979, 31 days after the date on which the complaint was filed in the Prothonotary's Office of Washington County, Pennsylvania, as the date on which the payments became overdue.

Additionally, plaintiff seeks attorney's fees under section 107(3) of the act for bringing this action. Section 107(3) provides: " . . . If, in any action by a claimant to recover no-fault benefits from an obligor, the court determines that the obligor has denied the claim or any significant part thereof *without reasonable foundation*, the court may award the claimant's attorney a reasonable fee based upon actual time expended." (Emphasis supplied.)

Because the interpretation of the work loss provisions of the act is an evolving area of the law, and because the factual situation in this case is similar only by analogy to a few recently reported decisions, we find that defendant's refusal to pay work loss benefits was not unreasonable. See, e.g., Erie Insurance Exchange v. Roule, 279 Pa. Superior Ct. 420 A. 2d 733 (1980); Dorsey v. Harleysville Mutual Insurance Company, 285 Pa. Superior Ct. 124, 426 A. 2d 1173 (1981); Marryshaw v. National Mutual Insurance Co., 13 D. & C. 3d 172 (1979). Therefore, we find that plaintiff is not entitled to recover attorney's fees from defendant.

## ORDER

And now, September 10, 1981, we find in favor of plaintiff and against defendant and award plaintiff work-loss benefits in the amount of $15,000 with interest at the rate of 18 percent per annum to be calculated as of November 18, 1979.

On the matter of attorney's fees claimed by plaintiff, we find for defendant.