452 A.2d 1066

**COMMONWEALTH of Pennsylvania**

v.

**Gary MARTIN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 7, 1981.

Filed Nov. 19, 1982.

120

Jeffrey M. Voluck, Philadelphia, for appellant.

Ann C. Lebowitz, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

PER CURIAM:

Appellant was tried before Judge Prattis, non-jury, on charges of burglary, indecent assault, simple assault, attempted rape, and unlawful restraint. The Judge sustained a demurrer to the burglary charge and found appellant guilty on the other four charges. Motions for a new trial and in arrest of judgment were denied. On October 14, 1977, the court imposed a sentence of one (1) to three (3) years imprisonment for attempted rape. Sentence was suspended on the remaining charges. On November 14, 1977, appellant filed a notice of appeal to this court. On the same day a petition for reconsideration of sentence was filed. On November 30, 1977, the court vacated the original sentence and sentenced appellant to eleven and one-half (11½) to twenty-three months allowing appellant to enter a work release program.

Appellant raises numerous issues on this appeal. We will address them in the order of their presentation in his brief. Additionally, the Commonwealth has raised an additional contention which we will address in part B of this Opinion. But first, a brief summary of the alleged criminal incident will prove to be helpful. At about 3:15, or 3:30 A.M., the victim was accosted in the hallway of her apartment building, by a black male. The man grabbed the victim, threatened to kill her, and declared his intentions to have sexual intercourse with her. The assailant dragged her toward a laundry room. The victim faked an asthma attack and

when her wheezing kept getting louder and louder the actor desisted and left.

## A.

## I. WAS APPELLANT DENIED A FAIR TRIAL WHEN THE TRIAL JUDGE FAILED TO RECUSE HIMSELF DESPITE HEARING HIGHLY PREJUDICIAL EVIDENCE DURING SUPPRESSION HEARING?

Trial counsel motioned to suppress certain identification testimony. At the scheduled time, immediately preceding the trial, a police officer necessary for the hearing on the motion to suppress was unavailable. With an understanding that the motion to suppress would be heard during the course of the trial, the Commonwealth proceeded to put in its case-in-chief before the court sitting as fact-finder. As part of her testimony, the victim testified as to having identified the appellant in a photographic array and at a line-up. She indicated that a police artist had composed a drawing based on the victim's description; the sketch was introduced into evidence. In open court the victim identified appellant as her assailant. At the conclusion of the Commonwealth's case the needed police officer was still unavailable to testify as to the pre-trial identification. Judge Prattis therefore granted the motion to suppress the testimony regarding the photographic array and lineup, but ruled that the in-court identification was based on "ample opportunity to observe her assailant" and therefore held it to be admissible. (N.T. 69–70).

Defense counsel made no motion to the court, requesting it recuse itself. Counsel's demurrer to the charge of burglary was granted, and defense testimony was heard. Appellant now contends that since the trial judge had heard identification testimony which was later determined to be inadmissible the judge should have recused himself.

█ The trial court after finding that the victim had ample opportunity to observe her assailant indicated that his finding was not tainted by the "out of court" identifications.

(N.T. p. 70).   Our Supreme Court reconfirmed in *Common-wealth v. Council,* 491 Pa. 434, 421 A.2d 623 (1980) that the burden to show bias and prejudice is on the party seeking recusal.   Our courts have "adhered to the prevailing view that judicial fact-finders are capable of disregarding most prejudicial evidence."   Id. 491 Pa. at 439, 421 A.2d 623.   In *Council,* as in the current case the trial court expressly noted that it was not swayed by the questioned inadmissible evidence.   There, as here the challenging party has failed to sustain its burden of demonstrating prejudice.

## II.   WAS APPELLANT DENIED EFFECTIVE ASSIST-ANCE OF COUNSEL WHEN HIS TRIAL ATTOR-NEY FAILED TO REQUEST THE JUDGE TO RE-CUSE HIMSELF?

█   As the trial judge indicated that he was not swayed by the tainted identification testimony, we may assume the court would have denied any motion for recusal.   As discussed above, we would have found no error in the court's refusal to recuse itself.   Hence, such a request would not have presented the court with an issue of arguable merit; therefore counsel cannot be held ineffective.   *See, Common-wealth v. Hooks,* 483 Pa. 40, 51, 394 A.2d 528, 534 (1978); and *Commonwealth v. Harmes,* 255 Pa.Superior Ct. 147, 156, 386 A.2d 551, 555 (1978).

## III.   WAS APPELLANT DENIED A FAIR TRIAL WHEN THE COURT PERMITTED THE COMPLAINANT TO MAKE AN IN–COURT IDENTIFICATION OF THE ACCUSED DESPITE TWO PREVIOUSLY TAINTED OUT OF COURT IDENTIFICATIONS?

█   The victim testified that the incident lasted about five minutes; that she viewed the appellant's face for a minute (N.T. 17, 20–21); and that the hallway was adequately lighted.   (N.T. 18–19, 23, 52).   Her identification rested on viewing the defendant at close range resulting in her recognition of his facial features.   (N.T. 67)   Her identification was unequivocal.   We find that the above establish-

es an independent basis for the in-court identification of appellant. Compare, *Commonwealth v. Williams*, 274 Pa.Superior Ct. 464, 418 A.2d 499 (1980); and *Commonwealth v. Farrell*, 265 Pa.Superior Ct. 41, 401 A.2d 790 (1979).

IV. WAS APPELLANT DENIED A FAIR TRIAL WHEN THE PROSECUTOR REFERRED TO THE DEFEND-ANT'S TESTIMONY AS DECEPTIVE AND THERE-BY CREATED A HIGHLY PREJUDICIAL ATTI-TUDE AGAINST HIM?

The offense in this case was committed at 3901 Conshohocken Avenue, Philadelphia. At the beginning of cross-examination appellant stated that he knew that address only "vaguely, not exactly," (N.T. pp. 81–82) although arrested at that address some three weeks after the incident. When cross-examined about details relating to the buildings at 3901 Conshohocken Avenue, particularly Building No. 9, appellant responded for the most part that he had "no idea." (N.T. pp. 92–93) The following exchange then occurred,

PROSECUTOR: Q. Did you make a mistake when you said you didn't know when I first asked you, did you say you didn't know where 3901 was because you had forgotten, or were you just trying to deceive this Court?

DEFENSE COUNSEL: Objection.

THE COURT: Overruled.

APPELLANT: No, I wasn't trying to deceive the Court, I was just—

PROSECUTOR: Q. Just trying to deceive me?

A. No. (N.T. pp. 93–94)

Appellant now contends that the prosecution's characterization of appellant's testimony as "deceptive is highly improper and prejudicial constituting grounds for a mistrial."

In *Commonwealth v. Perkins*, 473 Pa. 116, 133, 139, 373 A.2d 1076 (1977), after recognizing the general principle that "the expression of personal opinion or belief on issues which are within the province of the jury has no place in the argument of a district attorney to the jury", Chief Justice Eagen noted that not every "intemperate and improper

remark" in the course of the prosecution will necessitate a new trial. "The language must be such that its ' "unavoidable effect, would be to prejudice the [fact finder] ....'" (Citations deleted)

■ It is axiomatic that a prosecuting attorney should not express his or her sentiments as to a defendant's veracity. *Commonwealth v. Potter,* 445 Pa. 284, 285 A.2d 492 (1971) *Commonwealth v. Valle,* 240 Pa.Superior Ct. 411, 362 A.2d 1021 (1976). However, a reviewing court must consider an allegedly improper comment in light of the context in which it occurred and its possible effect on the fact-finder.

■ In the current appeal the challenged comments were isolated remarks, not representative of the whole trial. Compare, *Commonwealth v. Collins,* 462 Pa. 495, 341 A.2d 492 (1975); and *Commonwealth v. Baranyai,* 296 Pa.Superior Ct. 342, 442 A.2d 800 (1982). Such comment arose as a result of the prosecutor's frustrated attempts to get appellant to admit to some degree of familiarity with the scene, where appellant admittedly was arrested. But more important we must observe that here the fact finder was the trial judge, who is assumed to be able to absolve his decision of any improper influence. (See Issue No. 1). In these circumstances, while we do not condone the direction that cross-examination assumed, we cannot find the comment so improper as to require relief. See *Commonwealth v. Baynes,* 269 Pa.Superior Ct. 563, 410 A.2d 845 (1979).

V. WAS APPELLANT DENIED EFFECTIVE ASSIST-
ANCE WHEN TRIAL COUNSEL AND ALL SUBSE-
QUENT COUNSEL FAILED TO INCLUDE THE IS-
SUE OF PREJUDICIAL PROSECUTORIAL MISCON-
DUCT IN POST VERDICT MOTIONS?

■ As we find this issue was without arguable merit, we cannot find counsel was ineffective. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

### VI. WAS APPELLANT DENIED HIS RIGHT TO ANY MEANINGFUL APPELLATE REVIEW WHEN CLOSING ARGUMENTS WERE NOT RECORDED AND WAS DENIED EFFECTIVE ASSISTANCE WHEN TRIAL COUNSEL FAILED TO REQUEST THAT CLOSING ARGUMENTS BE RECORDED?

Our Supreme Court has not clearly defined the right to have closing argument transcribed. In *Commonwealth v. Silvis,* 445 Pa. 235, 238, 284 A.2d 740, 741 (1971), the then "present majority" of the court found that "[w]hile it may be preferable to record opening and closing addresses to the jury, we do not believe that due process demands a recordation." More recently in *Commonwealth v. Shields,* 477 Pa. 105, 383 A.2d 844 (1978) the court encroached upon *Silvis* but without either referring to or distinguishing *Silvis.* In *Shields,* the trial judge had ordered that all notes be transcribed. Defense counsel asserted that the Commonwealth's closing contained prejudicial remarks and that he had made timely objections thereto. Counsel reserved the right to file additional post-verdict motions upon receipt of the transcript. When the summation was not transcribed, counsel preserved his right to challenge such. As the notes of the summation were lost prior to being transcribed, the Supreme Court found it necessary to award a new trial.

However, we find it unnecessary to resolve the discrepancy between *Silvis* and *Shields.* In the current appeal appellant overlooks a very crucial distinction: it was a non-jury trial; *Silvis* and *Shields* were jury trials. As held previously, a judge sitting as a fact finder, unlike twelve members of the community, is assumed to disregard any improper evidence or comment. *Commonwealth v. Council,* supra. Therefore, the absence of the transcript of closing argument does not necessitate a new trial.

### VII. APPELLANT WAS CONVICTED OF ATTEMPTED RAPE; WAS THIS CONVICTION CONTRARY TO THE LAW?

Appellant's contention on this issue is twofold. First, he contends that he did not commit any act which was a

substantial step towards the commission of a rape. Second, he argues that the complainant's testimony demonstrated that he voluntarily renounced any intent to commit rape.

The Crimes Code, 18 Pa.C.S. § 901(a) defines attempt as follows:

"A person commits an attempt when, with intent to commit a specific crime, he does *any act which constitutes a substantial step* toward the commission of that crime." See, *Commonwealth v. Gilliam,* 273 Pa.Superior Ct. 586, 417 A.2d 1203 (1980). Rape, for purposes of this case, may be defined as engaging in sexual intercourse with another, not one's spouse, by forcible compulsion or threat thereof. 18 Pa.C.S. 3121(1) and (2).

■ Here the victim was grabbed and dragged involuntarily; appellant threatened to kill her; and he expressed his intention to have sex with her. Such clearly amounts to a substantial step in effectuating an intended rape. We hold that the fact finder could properly find appellant guilty of attempted rape; the conviction is not contrary to the law.

■ Section 901(c), of the Crimes Code provides for a defense of renunciation to a charge of criminal attempt. Appellant interprets the complainant's testimony as indicating that he voluntarily released her and walked away, and did not do such as a result of an apprehension of detection or because the act was rendered more difficult. We disagree. The victim was released only after she pretended an asthma attack and then only after the wheezing grew louder after being directed to stop it. While the current case may not be as clear a case as *Commonwealth v. Herman,* 271 Pa.Superior Ct. 145, 152 n. 7, 412 A.2d 617, 620 n. 7 (1979) (burglary attempt abandoned when actor heard voices or found entry more difficult); or *Commonwealth v. Howard,* 248 Pa. Superior Ct. 246, 375 A.2d 79 (1977) (escape abandoned when discovered by guards), we find the fact finder could reasonably infer from the testimony that the attempt was abandoned whether in whole or part, 901(c)(2)(i), out of fear of detection.

VIII. WAS APPELLANT CONVICTED ON INSUFFI-
CIENT EVIDENCE AND DOES THE WEIGHT OF
THE EVIDENCE DEMONSTRATES THAT THE
APPELLANT WAS NOT GUILTY BEYOND A
REASONABLE DOUBT?

In particular appellant argues that the Commonwealth did not show beyond a reasonable doubt that appellant was the assailant; i.e., the victim only briefly observed her attacker's face in poor lighting and appellant's alibi witnesses remained unshaken.

As noted in part 3 of this opinion the witness's identification was unequivocal, and unshaken based on two, 30 second observations. Contrary to appellant's assertion, she viewed appellant in good lighting at which time she noted particularly appellant's facial features. In view of the above, we find the identification testimony was sufficient beyond a reasonable doubt to show appellant was the assailant. Compare, *Commonwealth v. Story*, 270 Pa.Superior Ct. 66, 410 A.2d 1251 (1979) (opinion for affirmance) (witness viewed defendant's face for 15–20 seconds); and *Commonwealth v. Golson*, 263 Pa.Superior Ct. 143, 397 A.2d 441 (1979) (witness confronted by actor for half a minute), despite the production of alibi witnesses. See *Commonwealth v. Hoskins*, 485 Pa. 542, 403 A.2d 521 (1979).

### B.

Finally, the Commonwealth raises the issue of whether the Court of Common Pleas had jurisdiction on November 30, 1977 to grant the petition for modification of sentence. (Commonwealth's brief, p. 2, n. 1). Under prior law, then in effect, a sentencing court could modify a previously imposed sentence only within the same term of court as that in which the sentence was originally imposed or within thirty (30) days if the term expired less than thirty (30) days from the date of sentencing. 12 P.S. § 1032 (repeal effective June 27, 1978); see *Commonwealth v. Yoder*, 249 Pa.Superior Ct. 389, 378 A.2d 350 (1977). Appellee argues that not only was the modification beyond the permissible thirty (30) day period but also that appellant had not filed his petition within ten

(10) days of imposition of sentence as mandated by Rule 1410, Pa.R.Crim.P. However, Rule 1410 did not take effect until July 1, 1978, sometime subsequent to the dates at hand. Therefore we cannot hold appellant's petition was untimely.

■ A somewhat analogous situation surfaced in *Commonwealth v. Pinkney*, 267 Pa.Superior Ct. 288, 406 A.2d 1045 (1979). There the Commonwealth did not object to the delayed modification, here the record is incomplete as the hearing was apparently not transcribed. However, the lack of such record in this respect does not inhibit our review. If the crucial date was beyond and outside the term of court containing October 14, 1977, then the court was without jurisdiction to act, regardless of whether or not the Commonwealth complained. *Id.* Whether the two dates in question fell in the same term of court cannot be determined from the current state of the record. A remand is necessary for the sole purpose of conducting an evidentiary hearing to determine if November 30, 1977, was within or without the term of the lower court which rendered the October 14, 1977 judgment of sentence. If both dates were in the same term of court, then the modified sentence is affirmed. If it is determined that November 30, 1977 was past the term of the original sentence, then the modified sentence is vacated and the original sentence of October 14, 1977 is reinstated.

Remand for proceedings not inconsistent with this Opinion. We do not retain jurisdiction.