J-S73038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD CLYDE SILVIS | |
| Appellant | No. 525 WDA 2016 |

Appeal from the Order Entered March 14, 2016
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000007-1970

BEFORE: FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED OCTOBER 7, 2016**

Edward Silvis appeals from an order dismissing his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.,* which he styled as a petition for writ of *habeas corpus*. We affirm.

In 1969, Silvis was convicted of first degree murder and sentenced to life imprisonment. The Supreme Court, on direct appeal, affirmed his conviction and sentence. ***Commonwealth v. Silvis***, 284 A.2d 740 (Pa.1971). He filed three unsuccessful petitions for post-conviction relief, the third of which resulted in a published opinion, ***Commonwealth v. Silvis***, 452 A.2d 1045 (Pa.Super.1982). He remains in state prison to this day.

On November 12, 2015, Silvis filed the present petition in the Court of Common Pleas of Forest County, Pennsylvania. On January 13, 2016, the

1

Forest County court transferred the matter to the Court of Common Pleas of Armstrong County (hereinafter "the common pleas court"), where Silvis had been tried and sentenced more than 45 years earlier.

Silvis's petition alleged that he should be released from custody based on what he claims is false information in his Department of Corrections ("DOC") records. In particular, he complained about two forms. The first form, a Form DC-23B ("Sentence Status Change Report") dated August 10, 1988, stated that Silvis was sentenced for "Murder 1st Degree". The use of these words, Silvis asserted, was erroneous because his sentencing order did not include a degree of murder.

The second form, a Form DC-16E dated November 5, 2004, listed Silvis's offense as "CC2502-Murder," which appears to be an abbreviation of 18 Pa.C.S. § 2502, the murder statute presently in the Crimes Code. Silvis argues that he was not convicted under section 2502, and that this statute did not become effective until June 1973, after his date of sentencing.

Silvis claimed that he was not challenging the legality or validity of his sentence but only objected to the DOC's inclusion of "false" information in its data system. But at the same time, Silvis asked the court to order the DOC either to correct the information to match his sentencing order or *release him from custody immediately.*

Noting that the respondent in the petition was the superintendent of SCI Rockview, where Silvis is imprisoned, the common pleas court deemed Silvis's petition to be a petition for a writ of mandamus to compel the DOC to

- 2 -

change items of information in its data system concerning Silvis's imprisonment. The common pleas court held that it lacked jurisdiction to order the DOC to take any steps, and that Silvis's sole remedy was to file a petition for mandamus in the Commonwealth Court.

On March 17, 2016, the common pleas court entered an order dismissing Silvis's petition. Silvis filed a timely notice of appeal, and both Silvis and the common pleas court complied with Pa.R.A.P. 1925.

Silvus raises two issues in this appeal:

1. Whether [Silvis] was denied his constitutional right to a writ of *habeas corpus*?

2. Whether the trial court erred and abused its discretion when it failed to consider unlawful detention on writ of *habeas corpus* but instead without jurisdiction [held] a post conviction hearing?

Brief For Appellant, at 5.

Silvis styled his filing as a *habeas corpus* petition, and the common pleas court construed his petition as seeking a writ of mandamus against the DOC. We conclude, however, that Silvis actually seeks relief under the PCRA.

This Court has explained:

It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; **Commonwealth v. Haun**, [ ] 32 A.3d 697 ([Pa.]2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* [**Commonwealth v.] Fahy**, [737 A.2d 214,] 223–224 [Pa.1999]; **Commonwealth v. Chester**, [] 733 A.2d 1242 ([Pa.]1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus*

> petition. ***See Commonwealth v. Peterkin***, 722 A.2d 638 ([Pa.]1998); ***see also Commonwealth v. Deaner***, 779 A.2d 578 (Pa.Super.2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*

***Commonwealth v. Taylor***, 65 A.3d 462, 465–66 (Pa.Super.2013). Styling a petition as a *habeas* petition in lieu of a PCRA petition does not remove a petition from the subject matter of the PCRA, nor does it excuse a petitioner from complying with the PCRA's requirements. ***Commonwealth v. Breakiron***, 781 A.2d 94, 96 n. 2 (Pa.2001) (notwithstanding captioning of petition, claims only cognizable to the extent they would be cognizable under the PCRA); ***Commonwealth v. Peterkin***, 722 A.2d 638, 641 (Pa.1998) (PCRA subsumes *habeas corpus* and petitioner must abide by PCRA requirements).

Here, Silvis argues that the murder statute listed in his DOC records, 18 Pa.C.S. § 2502, was not in effect at the time of his trial and sentencing -- and on this basis, he requests (among other things) his release from custody. This request indicates that Silvis is challenging the legality of his sentence, a subject within the purview of the PCRA. 42 Pa.C.S. § 9543(a)(2)(vii). Therefore, we will treat Silvis's petition as a PCRA petition.

Before we address the merits of Silvis's claim, we must determine whether the common pleas court had jurisdiction to review his petition. We

conclude that the court lacked jurisdiction to review Silvis's petition under the PCRA's one-year statute of limitations, 42 Pa.C.S. § 9545(b).

Section 9545 provides that a petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa.Super.2003). No court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa.2003)). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar provide for very limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); *Monaco*, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United

> States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  A petition invoking an exception to the PCRA time bar must "be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).[1]

Silvis's judgment of sentence became final on March 19, 1972, three months after December 20, 1971, the date our Supreme Court affirmed his judgment of sentence on direct appeal.  The statute of limitations for filing a petition for relief under the PCRA expired on March 19, 1973.  The present petition, filed on November 12, 2015, is untimely on its face.

None of the exceptions in section 9545(b)(i-iii) apply to this case. Silvis does not allege that the government interference or newly acquired evidence exceptions in section 9545(b)(i-ii) apply to his case.  Nor does he invoke section 9545(b)(iii), which affords relief when the right in question is a constitutional right that the United States Supreme Court or Pennsylvania Supreme Court has held to apply retroactively to cases on collateral review.

_____

[1] The 1995 amendments to the PCRA also provided that if the judgment of sentence became final before the effective date of the amendments (January 16, 1996), a PCRA petition could be filed within one year, or by January 16, 1997. This grace period did not apply to second or subsequent petitions, regardless of when the first petition was filed. ***Commonwealth v. Thomas***, 718 A.2d 326, 329 (Pa.Super.1999).  Silvus filed several post-conviction petitions in the 1970's and 1980's, so this grace period did not apply to him.

For these reasons, both the common pleas court and this Court lack jurisdiction over Silvis's petition.

Order affirmed.[2]

Judge Lazarus joins the memorandum.

President Judge Emeritus Ford Elliott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2016

_____

[2] It does not appear that the errors that Silvus complains of entitle him to release from prison. Although his DOC records refer to a murder statute not in effect at the time of his trial and sentence (18 Pa.C.S. § 2502), another murder statute, 18 Pa.C.S. § 4701, was in effect at that time. Our Supreme Court's opinion affirming Silvus's judgment of sentence on direct appeal provides: "Appellant was tried before a jury which ultimately rendered a verdict of first-degree murder. After disposition of post-trial motions, appellant was sentenced to life imprisonment." *Silvus*, 284 A.2d at 741. Obviously, Silvus was convicted of first degree murder, and sentenced to life imprisonment, under section 4701. The clerical errors in his DOC records are harmless.