478 A.2d 21

**COMMONWEALTH of Pennsylvania**

v.

**Alan PRESBURY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 26, 1983.

Filed June 1, 1984.

Petition for Allowance of Appeal Denied Aug. 30, 1984.

180

182

Harvey W. Robbins, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before ROWLEY, WIEAND and POPOVICH, JJ.

WIEAND, Judge:

Alan Presbury was tried by jury and was found guilty of first degree murder [1] as a result of the killing of Blair Lee in May, 1974 at 28th and Huntingdon Streets in Philadelphia. A sentence of life imprisonment was imposed, and, on direct appeal, the judgment of sentence was affirmed. *Commonwealth v. Presbury*, 475 Pa. 48, 379 A.2d 569 (1977). Presbury subsequently filed a petition under the Post Conviction Hearing Act. Counsel was appointed, and evidentiary hearings were held. Appellant's P.C.H.A. petition was thereafter dismissed, and he appealed to this Court. We remanded with instructions to the P.C.H.A. court to make necessary findings of fact. *Commonwealth v. Presbury*, 321 Pa.Super. 69, 467 A.2d 898 (1983). Those findings have now been made; and the P.C.H.A. court's final order is again before us for review.

As Blair Lee, Jimmy Mosteller, Valerie Williams and Raymond Holmes walked along Huntingdon Street in the early evening of May 2, 1974, an assailant removed a shotgun from a parked car and fired it at the quartet walking along the street. Lee was struck in the chest and

1. 18 Pa.C.S. § 2502(a).

arm and died as a result of his wounds. Holmes was struck in the left eye. Only Holmes was able to identify the assailant. He testified that he had observed the face of the assailant for two seconds and that he recognized appellant, with whom he had had prior confrontations, as the man pointing the shotgun. Appellant's defense was that Holmes was mistaken in his identification of the assailant and that he, Presbury, had been elsewhere at the time of the shooting. The jury rejected appellant's defense and convicted on the basis of Holmes' identification.

In P.C.H.A. proceedings, appellant alleged that trial counsel had been ineffective for the following reasons: (1) he failed to use Holmes' juvenile record to impeach Holmes' credibility; (2) he failed to call character witnesses; (3) he failed to show that appellant had no prior record; (4) he failed to establish that the group to which appellant belonged was not a recognized, violent "gang"; (5) he cross-examined a witness regarding evidence not produced at trial; and (6) during closing argument to the jury, he referred to a conflict in the testimony given by defense witnesses.

When confronted with a claim of ineffectiveness of counsel, we use a two-step analysis. We must first determine whether the issue underlying the charge of ineffectiveness is of arguable merit. If the underlying issue is found to be of arguable merit, then we determine whether the course chosen by counsel had some reasonable basis calculated to promote the client's interests. *Commonwealth v. Klinger*, 323 Pa.Super. 181, 193, 470 A.2d 540, 546 (1983); *Commonwealth v. Jennings*, 285 Pa.Super. 295, 298–299, 427 A.2d 231, 232 (1981). The burden of showing that counsel's representation has been constitutionally ineffective is upon the appellant. *Commonwealth v. Logan*, 468 Pa. 424, 433, 364 A.2d 266, 271 (1976); *Commonwealth v. Barnes*, 248 Pa.Super. 579, 582, 375 A.2d 392, 394 (1977).

Appellant's principal contention is that trial counsel was ineffective because he failed to "present to the jury

evidence that the Commonwealth's only witness had a long juvenile record." He argues that *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), was decided almost a year before appellant's trial and that trial counsel should have relied on that decision to persuade the trial court to receive the juvenile record of Raymond Holmes. Appellant misconceives the tenor of *Davis v. Alaska.* The Supreme Court there held that a state's interest in protecting juvenile offenders had to give way to the right of a criminal defendant to challenge the credibility of witnesses appearing and testifying against him. It did not hold that a witness' record was invariably admissible to attack credibility. The juvenile record of a witness, to be admissible, must be relevant. If it is not relevant for any purpose, the record is inadmissible. A finding of ineffective assistance, moreover, cannot be made unless it is demonstrated that the alternative not chosen, in this case the introduction of Holmes' juvenile record, offered a potential for success substantially greater than the tactics actually utilized. *Commonwealth v. Hubbard,* 472 Pa. 259, 277–278, 372 A.2d 687, 695–696 (1977); *Commonwealth v. Simmons,* 312 Pa. Super. 501, 505, 459 A.2d 14, 16 (1983); *Commonwealth v. Williams,* 297 Pa.Super. 138, 145, 443 A.2d 338, 341 (1982).

■ Appellant's suggestion that Holmes' entire "lengthy juvenile record" should have been introduced and shown to the jury is clearly without merit. Holmes' record included numerous arrests for fighting and disorderly conduct which had no relevancy to the witness' credibility or to any issues in appellant's case. Moreover, juvenile adjudications, it has been held, are not equivalent to adult, criminal convictions. Thus, they are not normally relevant for impeachment purposes. *Commonwealth v. Katchmer,* 453 Pa. 461, 309 A.2d 591 (1973). See also: *Commonwealth v. Slaughter,* 482 Pa. 538, 394 A.2d 453 (1978).

■ Appellant contends, however, that Holmes' juvenile record was relevant to show (1) that Holmes had previously been charged with shooting appellant and that the charges had been dismissed prior to appellant's trial at the instance

of the District Attorney, and (2) that Holmes was incarcerated at the time of trial pursuant to an adjudication of delinquency for an unrelated stabbing. A close examination of these issues discloses the lack of merit in appellant's contentions and confirms the P.C.H.A. court's finding that appellant failed to prove that the course advocated by P.C.H.A. counsel offered a potential for success greater than the tactics followed by trial counsel.

The fact that Holmes had previously shot appellant in the leg was very much in evidence and was explored at length by counsel for both parties during the trial. The unrelated stabbing of another person, on the other hand, was an offense for which Holmes had been adjudicated delinquent and incarcerated prior to appellant's trial. It was irrelevant to the shooting for which appellant was being tried. Moreover, appellant's trial counsel did, in fact, refer to the stabbing offense. However, when appellant's trial counsel asked Holmes, "Isn't it a fact that you are in prison now for stabbing someone?", the court sustained a prosecution objection. (Trial Record, pp. 71–72).

■ Appellant argues that Holmes' juvenile record would have disclosed the "possibility" of a deal between Holmes and the District Attorney which may have caused bias and influenced Holmes' testimony. This argument must also fail. In *Commonwealth v. Baston*, 242 Pa.Super. 98, 363 A.2d 1178 (1976), trial counsel was charged with ineffective assistance because he failed to cross-examine a juvenile accomplice of the appellant regarding a deal by which the juvenile testified to avoid prosecution and protect his probation. This Court said:

"We perceive this issue to require a four-part analysis of the record: (1) was there a 'deal;' (2) was defense counsel aware of the deal, and, if he was not, was the record of such nature that counsel should have been aware of the deal; (3) could counsel, on cross-examination, have pursued the 'deal;' and (4) as is most critical in cases of this nature, was defense counsel's cross-examina-

tion deficient when tested by *Commonwealth ex rel. Washington v. Maroney,* supra." [2]

*Id.*, 242 Pa.Superior Ct. at 107, 363 A.2d at 1183. See also: *Commonwealth v. Fulton,* 318 Pa.Super. 470, 479, 465 A.2d 650, 654 (1983).

In the instant case, appellant failed to prove that there had been a "deal". There was a total absence of evidence that Holmes had agreed to testify in exchange for favorable consideration by the District Attorney. Thus, the first requirement of *Baston* was missing. In the absence of proof that there had been a "deal" between the District Attorney and Holmes regarding the latter's testimony, we will not hold trial counsel ineffective for failing to use Holmes' record to show the "possibility" that such a deal existed. Trial counsel used alternate means to show Holmes' bias. He attempted to establish Holmes' bias by showing the enmity which existed between Holmes and appellant over a period of time. Holmes and appellant had been involved previously in a shooting and also in a fist fight. The P.C.H.A. court found that this was a reasonable alternative aimed at serving appellant's interests. We are unable to conclude that the court's finding was incorrect or unsupported by the evidence.

■ The evidence pertaining to the use of character witnesses at trial was conflicting. The P.C.H.A. court found the testimony of trial counsel more credible and based its findings of fact on such testimony. Counsel testified that he had explained to appellant the nature and purpose of character witnesses and had asked appellant if he knew persons who would be able to testify to his good reputation. Appellant told counsel that his father would not be a good witness but suggested that his employer would be. It was discovered prior to trial, however, that the employer was not able to qualify as a character witness because he did not know appellant's reputation in the community and could express only his personal opinion regarding appellant's character. Appellant suggested no other character witness-

**2.** 427 Pa. 599, 235 A.2d 349 (1967).

es. Counsel will not be held ineffective for failing to call witnesses if the accused did not make their existence known. *Commonwealth v. Hollerbush*, 298 Pa.Super. 397, 405–406, 444 A.2d 1235, 1239–1240 (1982); *Commonwealth v. Williams*, 274 Pa.Super. 464, 472, 418 A.2d 499, 503 (1980); *Commonwealth v. Ross*, 273 Pa.Super. 67, 71, 416 A.2d 1092, 1094 (1979). See also: *Commonwealth v. Kittrell*, 285 Pa.Super. 464, 471 n. 5, 427 A.2d 1380, 1383 n. 5 (1981).

■■■■ Similarly, trial counsel was not ineffective for not attempting to prove appellant's good reputation by showing that appellant did not have a criminal record. A defendant's good character may be proved by testimony of his reputation in the community, but it cannot be shown by the absence of a criminal record. *Commonwealth v. Pressel*, 194 Pa.Super. 367, 371, 168 A.2d 779, 780 (1961); Henry, *Pennsylvania Evidence* § 159 (4th ed. 1953). Moreover, if appellant in this case did not have a prior criminal record, his history was not free of police encounters. When trial of the instant case took place the case of *Commonwealth v. Scott*, 496 Pa. 188, 436 A.2d 607 (1981), had not been decided; and appellant's counsel was of the opinion that it was preferable not to open the door by questions which would allow cross-examination pertaining to appellant's prior police encounters. See: *Commonwealth v. Smith*, 432 Pa. 517, 519, 248 A.2d 24, 25 (1968). Counsel's trial strategy was reasonable and calculated to serve appellant's best interests.

■■■ There was testimony at trial which suggested that appellant had been a member of a group known as the "Blue Moons." Appellant had told his trial counsel, however, that he was not a member of any gang. Hindsight is invariably better than foresight; but trial counsel's effectiveness cannot be measured against facts undisclosed prior to trial. In view of what appellant told his counsel prior to trial, counsel cannot be deemed ineffective for failing to have expert witnesses available to testify that the Blue Moons was a peaceful neighborhood group and not a violent

gang recognized by and known to city officials for engaging in gang warfare.

■ Appellant's contention that his counsel's cross-examination of a Commonwealth witness was conducted so ineffectively as to make it possible for the jury to acquire information not otherwise admissible was not addressed at the P.C.H.A. hearing. Therefore, this issue has been waived. *Commonwealth v. Sakal,* 494 Pa. 286, 289, 431 A.2d 261, 263 (1981); *Commonwealth v. Nelson,* 489 Pa. 491, 494, 414 A.2d 998, 999 (1980). Because it was not addressed at the evidentiary hearing, the record does not permit meaningful review of counsel's stewardship with respect to this aspect of the trial.

■ Appellant argues finally that trial counsel was ineffective because he told the jury during closing argument that the testimony of a defense alibi witness had been inconsistent with testimony of other alibi witnesses. He contends that no inconsistency existed and that counsel should not have suggested otherwise. A careful review of the record, however, discloses that Marlene Brothers' testimony may well have appeared to a juror to be inconsistent with testimony of other witnesses who placed appellant at the corner of Dauphin and 30th Streets for a short time on the evening of the shooting. Brothers had testified that appellant was in his house the entire time except for when he was working on his car in front of his residence. Counsel was not ineffective for attempting to present the jury with an accurate and fair summary of the evidence. Whether to refer to this apparent conflict or to hope the jury would pay no attention to it was a matter of trial strategy. Counsel's strategy was reasonably designed to effectuate appellant's interests.

For the foregoing reasons, we conclude that appellant did not receive constitutionally infirm assistance of trial counsel. The order dismissing his P.C.H.A. petition is affirmed.

Order affirmed.

POPOVICH, J., concurs in the result.