500 A.2d 816

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Brian WALLACE.**

Superior Court of Pennsylvania.

Argued May 21, 1985.

Filed Sept. 27, 1985.

Reargument Denied Dec. 5, 1985.

Ronald Eisenberg, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Louis Lipschitz, Philadelphia, for appellee.

Before CAVANAUGH, CIRILLO and HESTER, JJ.

CIRILLO, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County granting appellee relief under the Post Conviction Hearing Act (PCHA). On July 7, 1972, following a jury trial, appellee was convicted of first-degree murder, agravated robbery, conspiracy, and a weapons offense. Post-verdict motions were filed and denied, and appellee was sentenced on April 5, 1973 to life imprisonment for murder and to concurrent prison terms for the remaining offenses. No direct appeal was taken from that sentence. Subsequently, on December 27, 1977, appellee filed a PCHA petition, alleging deprivation of his right to appeal and ineffective assistance of trial counsel. The PCHA court rejected appellee's ineffectiveness claims, but granted him leave to file post-trial motions nunc pro tunc to perfect his right to appeal. The motions were filed and the court granted appellee's motion for a new trial. The Commonwealth then filed this appeal. We reverse.

The evidence adduced at trial indicated that at approximately 4:15 p.m. on August 10, 1971, Guido Zanni, the owner of a candy store, was shot and killed. At about 4:00 p.m. appellee had been seen in front of the store by a neighborhood youth. Appellee entered the store, came out

with a soda and, with his accomplice, walked down the block to a grocery store.

A second neighborhood youth saw appellee and his accomplice in the area of the murder. Appellee was wearing a black cap, black shirt, and black trousers. Tucked into the trousers was a gun. As the appellee and his accomplice walked back toward the candy store, the accomplice told the youth, "See you when we get done."

A few minutes later, at approximately 4:15 p.m., a telephone company employee was driving by the scene when he heard a shot and saw three black youths run from the store.

Later that afternoon, appellee and one of his accomplices went to a friend's house. Appellee admitted to the friend that they had robbed and shot Mr. Zanni, and had thrown the gun across the railroad tracks to the north. The accomplice told the friend that they had obtained about twenty-five or thirty dollars in the robbery.

The first issue presented for our review is whether trial counsel was ineffective in failing to present alibi testimony. At the PCHA hearing, evidence was presented indicating that trial counsel had been provided with the names of two alibi witnesses: Ellen Mitchell, appellee's grandmother, and Gregory Starks, appellee's friend, who was allegedly with him at the time of the crime. The trial court, in awarding a new trial, found that trial counsel was ineffective for failing to investigate such evidence.

It is well settled that counsel is presumed to be effective and that the burden of proving to the contrary rests upon the defendant. *Commonwealth v. Dunbar,* 503 Pa. 590, 470 A.2d 74 (1983); *Commonwealth v. Miller,* 494 Pa. 229, 431 A.2d 233 (1981); *Commonwealth v. Shore,* 487 Pa. 534, 410 A.2d 740 (1980). It is also established that trial counsel's failure to conduct a more thorough investigation or to interview all potential witnesses does not constitute per se ineffectiveness. *Commonwealth v. Murray,* 338 Pa.Super. 580, 488 A.2d 45 (1985).

Failure to call an alibi witness does not per se constitute ineffective assistance of counsel. *Commonwealth v. Owens*, 454 Pa. 268, 312 A.2d 378 (1973); *Commonwealth v. Olivencia*, 265 Pa.Super. 439, 402 A.2d 519 (1979). Ineffectiveness will not be found where there is a reasonable basis for counsel's decision based on a matter of trial strategy. In addition, the failure to call a possible witness will not be equated with a finding of ineffectiveness absent a positive demonstration that the testimony would have been helpful to the defense. *Commonwealth v. Stokes*, 294 Pa.Super. 529, 440 A.2d 591 (1982).

*Commonwealth v. Rivera*, 309 Pa.Super. 33, 38, 454 A.2d 1067, 1070 (1982) (Opinion by Cirillo, J.).

■ Moreover, the failure to call potential witnesses will not be equated with a conclusion of ineffectiveness absent some positive demonstration that their testimony would have been helpful to the defense. *Commonwealth v. Wade*, 501 Pa. 331, 461 A.2d 613 (1983); *Commonwealth v. Leonard*, 499 Pa. 357, 453 A.2d 587 (1982). Because the burden of proving counsel's ineffectiveness rests on the party alleging it, appellee's burden in this case was to prove that trial counsel failed to pursue a course of conduct that would have helped the defense. *See, e.g., Commonwealth v. Bailey*, 322 Pa.Super. 249, 469 A.2d 604 (1983). We find that appellee has failed to carry this burden.

■ The evidence which appellee presented at the PCHA hearing demonstrated that Starks could not provide a sufficient alibi. Appellee testified that he arrived home on the day in question, accompanied by Starks, between 3:30 and 3:35 p.m., but that Starks departed shortly thereafter. The testimony elicited by appellee's grandmother at the hearing confirmed that Starks left before dinner, which she served promptly at 4:00 p.m. The murder of Mr. Zanni did not occur until 4:15 p.m., just several blocks from appellee's home. Starks's testimony, therefore, could not have rebutted the inference that arose from the testimony of the Commonwealth's witnesses that appellant was in the vicinity of the crime between 4:00 and 4:15 p.m., and had partici-

pated in the killing of Mr. Zanni. In light of the inability of Starks to say unequivocally that appellee was with him at the precise time of the crime, trial counsel's decision not to call him as an alibi witness must be deemed to have had a reasonable basis.

Notwithstanding his failure to present any evidence that Starks's testimony would have aided his defense, appellee, citing *Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976), and its progeny, maintains that counsel's failure to investigate such evidence was in and of itself ineffective assistance. Appellee's reliance on *Mabie* is misplaced.

This Court, in *Commonwealth v. Barren*, 273 Pa.Super. 492, 498–499, 417 A.2d 1156, 1159 (1979), stated that

[Mabie] should not be indiscriminately expanded to require defense counsel upon threat of being declared ineffective, to interview all conceivable witnesses irrespective of the nature or extent of their potential information. Trial counsel's failure to interview potential witnesses will not be equated with ineffective assistance in the absence of a showing that his or her testimony would have advanced the fact finding process.

In view of appellee's obvious failure to substantiate how he was prejudiced by counsel's alleged shortcomings, *Commonwealth v. Garvin*, 335 Pa.Super. 560, 485 A.2d 36 (1984), we cannot deem counsel ineffective.

As to appellee's grandmother, appellee is required to prove that trial counsel was aware of Mitchell's alibi evidence. *See Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981). The PCHA court, after hearing testimony from Mitchell and appellee, explicitly discredited their assertions that they had made the grandmother's alleged alibi evidence available to trial counsel. Instead, the court found that it was a belated attempt by the appellee and his grandmother to add substance to his petition. We are not prepared to contravene the credibility findings of the PCHA court. Consequently, trial counsel cannot be found ineffective for failing to present alleged exculpatory testimony of

which he was unaware. *Commonwealth v. Presbury,* 329 Pa.Super. 179, 187, 478 A.2d 21, 25 (1984); *Commonwealth v. Hollerbush,* 298 Pa.Super. 397, 405–406, 444 A.2d 1235, 1239–1240 (1982); *Commonwealth v. Williams,* 274 Pa.Super. 464, 472, 418 A.2d 499, 503 (1980); *Commonwealth v. Ross,* 273 Pa.Super. 67, 71, 416 A.2d 1092, 1094 (1979).

■ Appellee contends that the PCHA court had no authority to judge the grandmother's credibility, and that such a determination should have been properly left to a jury. This argument must be rejected. As a matter of law, resolving issues of credibility falls clearly within the province of a PCHA court. *See Commonwealth v. Glover,* 497 Pa. 433, 441 A.2d 1216 (1982); *Commonwealth v. Stromberg,* 440 Pa. 168, 269 A.2d 741 (1970). Hence, this argument need not be accorded further consideration.

■ The second issue before this Court is whether trial counsel was ineffective for failing to put appellee on the stand to testify on his own behalf. We recognize that the decision whether or not to testify rests solely with the defendant. *Commonwealth v. Rawles,* 501 Pa. 514, 523 n. 3, 462 A.2d 619, 624 n. 3 (1983). At trial, the following discussion took place concerning appellee's right to testify in his own defense:

[TRIAL COUNSEL]:

Q. Bryant, have I discussed this matter with you?

A. No.

Q. No, not what I am getting ready to ask you, but have we discussed whether or not you would take the witness stand and testify?

A. Yes.

Q. Now, are you satisfied with that?

A. Yes.

[TRIAL COUNSEL]: Will the Court?

THE COURT: Well, that is being taken down.

THE COURT:

Q. You are satisfied you are taking the lawyer's advice and you don't want to take the witness stand?

A. Yes.

We are satisfied from the above colloquy that appellee knowingly and voluntarily decided not to testify at trial. There is no evidence here that trial counsel exercised any undue influence over appellee's decision not to take the stand. While it is conceded that trial counsel urged his considered professional opinion on his client, appellee was apparently satisfied with this advice until the jury rendered an adverse verdict. It was only then that appellee began to reconsider his earlier tactical choices with an eye toward assessing the blame on his attorney. *See Commonwealth v. Thomas*, 279 Pa.Super. 413, 421 A.2d 267.

Appellee argues that he did not understand the right he was waiving, especially in light of his age (15) and inexperience. We disagree. The colloquy clearly reveals that the decision was ultimately made by appellee after full consultation with counsel. Moreover, given the appellee's extensive juvenile record, it can hardly be said that he was naive or unfamiliar with the criminal justice system.

■ The final issue raised on appeal is whether trial counsel was ineffective for failing to object to an error in the court's jury instruction. Appellee condemns the following jury charge as a misstatement of the law: "... Therefore, a killing committed in the perpetration of or attempting to perpetrate a robbery is a killing with malice, which under the statute is murder of the first degree. *It is immaterial whether the idea to rob is conceived if the assault caused the death.*" (Emphasis by appellee).

■ We concede that this statement is not an accurate reflection of the law. Appellee would have to be guilty of the underlying robbery to be convicted of felony-murder. However, we do not believe that any confusion or prejudice arose in the minds of the jurors as a result of this isolated statement. To the contrary, our review of the court's rather lengthy jury charge in its entirety convinces us that the jury properly understood that appellee's participation in the robbery was a prerequisite to his conviction for felony-

murder. Appellate review of the charge of the court for prejudicial and reversible error requires that the charge be read as a whole; error will not be predicated upon an isolated excerpt. *Commonwealth v. Woodward*, 483 Pa. 1, 394 A.2d 508 (1978); *Commonwealth v. Larkins*, 340 Pa. Super. 56, 489 A.2d 837 (1985); *Commonwealth v. Davis*, 331 Pa.Super. 285, 480 A.2d 1035 (1984); *Commonwealth v. Bailey, supra; Commonwealth v. Fields*, 317 Pa.Super. 387, 464 A.2d 375 (1983). It is the general effect of the charge that controls. *Commonwealth v. Larkins, supra; Commonwealth v. Kelly*, 319 Pa.Super. 204, 465 A.2d 1301 (1983); *Commonwealth v. Todaro*, 301 Pa.Super. 1, 446 A.2d 1305 (1982); *Commonwealth v. Jones*, 300 Pa.Super. 338, 446 A.2d 644 (1982). We find that the charge, read as a whole, adequately conveyed the proper legal principles to the jury. Consequently, we hold that trial counsel was not ineffective for failing to object to this isolated passage.

In view of these foregoing reasons, as well as the ample record in this matter which we have thoroughly studied, we reverse the order of the court below, and reinstate the judgment of sentence.