J-S35042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREN L. WORLEY | : | |
| | : | |
| Appellant | : | No. 1248 MDA 2017 |

Appeal from the PCRA Order July 11, 2017
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000732-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 29, 2018**

Karen L. Worley (Appellant) appeals from the order dismissing her petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The trial court summarized the pertinent facts and procedural history of this case as follows:

On July 12, 2015, at approximately 1:05 A.M.[,] Officers Rosenberger and Goodling of the Cumberland Township Police Department were dispatched to the Pike Restaurant located in Adams County, Pennsylvania for a reported disorderly person in the bar.  The subject was reported to be fighting with the restaurant staff members, kicking and pushing them when they attempted to remove her from the bar.  The officers located the subject in a gravel parking lot behind and up a hill from the bar and determined that she was under the influence of alcohol to a degree that she was a danger to herself and others.  Police identified the subject as Appellant via her Pennsylvania driver's license and placed Appellant under arrest.  Shortly after police placed her under arrest, Appellant attempted to flee by running away from police.  The officers tackled Appellant to the ground.  During the struggle[,] Appellant kicked Officer Rosenberger twice

– once in the face and once in the leg, causing bleeding, swelling, and discomfort. Appellant then bit Officer Goodling in the left leg causing broken skin, swelling, and discomfort. Both officers were treated for their injuries at Gettysburg Hospital.

On April 5, 2016, Appellant was found guilty by jury verdict of Aggravated Assault of a Police Officer, as a felony of the second degree; two counts of Simple Assault, as misdemeanors of the second degree; [] Resisting Arrest or Other Law Enforcement, as a misdemeanor of the second degree[; and public drunkenness and similar misconduct]. On June 21, 2016, Appellant was sentenced to serve no less than two (2) months nor more than twenty-three (23) months partial confinement, subject to standard conditions for the Aggravated Assault conviction. For the first Simple Assault conviction, Appellant was sentenced to twenty-four (24) months of probation, running consecutively to the Aggravated Assault sentence. The second Simple Assault conviction merged with the Aggravated Assault conviction for sentencing purposes. For the Resisting Arrest conviction, th[e] [c]ourt sentenced Appellant to twenty-four (24) months of probation running concurrently with the Simple Assault sentence.[1]

Appellant filed her Notice of Appeal from Judgment of Sentence and Concise Statement of Matters Complained of on Appeal on July 15, 2016 and August 10, 2016 respectively. On January 31, 2017, the Pennsylvania Superior Court dismissed Appellant's appeal because counsel for Appellant failed to file a brief. Appellant filed her PCRA petition on March 27, 2017. A PCRA pre-hearing conference and a PCRA hearing occurred on April 20, 2017 and June 19, 2017 respectively. On July 11, 2017, the PCRA Court denied Appellant's PCRA petition in its entirety. Appellant filed her Notice of Appeal and Concise Statement of Matters Complained of on Appeal on August 9, 2017 and September 1, 2017 respectively.

PCRA Court Opinion, 9/15/17, at 1-3 (footnotes omitted).

On appeal, Appellant presents the following issues for review:

I. Whether trial counsel was ineffective for abandoning [Appellant]'s defenses and the PCRA court committed reversible

_____

[1] Appellant was assessed no further penalty on her public drunkenness charge.

error for excluding [Appellant]'s evidence on her thoughts and reactions during the police encounter to establish ***Pierce*** elements for justification?

II.    Whether trial counsel [was] ineffective for his failure to object to or move to exclude evidence of [Appellant]'s behavior inside Pike?

III.    Whether trial counsel was ineffective for failing to present rebuttal evidence once the Pike testimony and video was admitted into evidence and the PCRA court committed reversible error by failing to allow [Appellant] to present such evidence to establish the ***Pierce*** elements?

IV.    Whether trial counsel was ineffective for failing to interview, subpoena, and to call available character witnesses?

V.    The PCRA court committed reversible error in excluding the opinion testimony of John Bergdoll, Esq[uire] when [Appellant] must prove an alternative not chosen offered a potential for success substantially greater than the course actually pursued and that no reasonable attorney would have engaged in [trial counsel]'s strategy.

Appellant's Brief at 3-4.[2]

"Our standard in reviewing a PCRA court order is abuse of discretion. We determine only whether the court's order is supported by the record and free of legal error." ***Commonwealth v. Patterson***, 143 A.3d 394, 397 (Pa. Super. 2016) (quotations and citation omitted).  "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011).

_____

[2] Appellant raised numerous other issues in her PCRA petition and Pa.R.A.P. 1925(b) statement that she has abandoned on appeal.

Appellant's first four issues claim that trial counsel was ineffective. In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id.* (citation omitted). To demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. King*, 57 A.3d 607, 613 (Pa. 2012). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. *Bomar*, 104 A.3d at 1188.

In her first issue, Appellant argues that trial counsel was ineffective for failing to raise the defenses of justification and mental infirmity to her aggravated assault and simple assault charges. Appellant asserts that trial counsel should have raised a justification defense to her aggravated assault and simple assault charges because she was under the belief that she would suffer death or serious bodily injury while the police officers attempted to restrain her during her attempts to resist arrest.

In the context of resisting arrest, and with respect to the defense of justification, our Supreme Court has explained:

[A]n arrestee's use of force in self protection is justified when the arrestee reasonably believes that such force is immediately necessary to protect against an arresting officer's use of unlawful and deadly force, *i.e.*, force which is readily capable of causing death or serious bodily injury. An arresting officer's use of excessive force capable of causing less than serious bodily injury or death can be vindicated by recourse to subsequent legal remedies.

Thus, . . . there is no justification for resisting arrest; the only circumstance under which the law will contemplate physical resistance to a police officer is when the officer unnecessarily uses unlawfully excessive or deadly force which triggers the right of self-defense. The focus . . . [is] not whether the underlying arrest was based on probable cause, but rather whether the officers' use of force in effectuating a lawful arrest [is] itself, unlawful. A police officer may only use the amount of force which is necessary to accomplish the arrest.

*Commonwealth v. Biagini*, 655 A.2d 492, 499 (Pa. 1995) (emphasis added) (quoting *Commonwealth v. French*, 611 A.2d 175, 179 (Pa. 1992)).

In this case, the relevant inquiry into the applicability of the defense of justification is whether the police used excessive or deadly force in effectuating Appellant's arrest. *See id.* Upon review, we agree with the PCRA court's determination that trial counsel was not ineffective for failing to raise the defense of justification because Appellant did not possess the reasonable belief that she was in danger of death or serious bodily injury when the police arrested her. The record reveals that the police used only the amount of force necessary to arrest Appellant. On the night in question, Officers Goodling and Rosenberger encountered Appellant visibly intoxicated and determined that

she was a danger to herself and others. N.T., 4/5/16, at 73. Shortly after the officers placed Appellant under arrest and handcuffed her, she attempted to flee by running away from them. *Id.* at 76. Officers Goodling and Rosenberger gave chase and eventually tackled Appellant to the ground. *Id.* at 77. As the officers attempted to restrain Appellant, she kicked Officer Rosenberger directly in the mouth and bit Officer Goodling on the leg, breaking the skin. *Id.* at 77-83. Both officers continued to use physical force in an attempt to restrain Appellant, but were unable to get her under control until other officers arrived at the scene a placed her into a patrol car. *Id.* at 81-82. Both Officers Goodling and Rosenberger required hospital treatment for their injuries. *Id.* at 83.

We conclude that the police's use of force in arresting Appellant was not excessive or unreasonable. Given Appellant's attempted flight after the police placed her under arrest and handcuffed her, the police did not act unreasonably when they tackled her to the ground and used physical force in their attempts to subdue her as she repeatedly kicked and bit them. Moreover, there is no evidence to indicate that Officers Goodling or Rosenberger engaged in any actions that would have caused Appellant to believe she was in danger of death or serious bodily injury. Therefore, Appellant was not prejudiced by trial counsel's failure to raise the defense of justification and the trial court did not err in determining that this claim was meritless.

Appellant further argues that trial counsel should have raised the defense of mental infirmity because she suffered from post-traumatic stress disorder (PTSD) and trial counsel should have introduced evidence of her PTSD to explain why she reacted violently when the police officers arrested her. Although there is technically no "mental infirmity" defense in Pennsylvania, "[w]here the defendant alleges that he did not know what he was doing, he is presenting a cognitive incapacity insanity defense." ***Commonwealth v. Andre***, 17 A.3d 951, 959 (Pa. Super. 2011). Under Pennsylvania law:

> [A] person is legally insane if at the time of committing an alleged crime that person is, as the result of mental disease or defect, either incapable of knowing what he or she is doing, or that person does know what he or she is doing, is incapable of judging that it is wrong.

***Id.*** at 958 (quotations and citation omitted).

At Appellant's PCRA hearing, trial counsel testified that he discussed the possibility of raising a legal insanity defense with Appellant, but that he was unable to procure an expert medical opinion from her psychologist indicating that her PTSD rendered her not legally responsible for her actions on the evening in question. N.T., 6/19/17, at 100-102. Indeed, Richard E. Carlson, Ph.D., whom Appellant saw for treatment of her PTSD, testified at the PCRA hearing that he could not state "to a reasonable degree of professional certainty" that Appellant's PTSD triggered her actions when the Officers Goodling and Rosenberger placed her under arrest. ***Id.*** at 27. Again, we

conclude that trial counsel had a reasonable basis for not raising a legal insanity defense and the PCRA court did not err in dismissing this claim.

In her second issue, Appellant argues that trial counsel was ineffective for failing to object to the admission of the surveillance video depicting Appellant's behavior inside of Pike Restaurant immediately prior to her removal. Appellant contends that trial counsel should have objected to the admission of this evidence because its probative value did not outweigh its potential for unfair prejudice. Appellant asserts that all of her criminal charges stemmed from her conduct outside of the restaurant, rendering this evidence irrelevant.

Rule 404(b) of the Pennsylvania Rules of Evidence provides:

**(b) Crimes, Wrongs or Other Acts.**

*(1) Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

*(2) Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b).

The PCRA court and the Commonwealth assert that trial counsel was not ineffective for failing to object to the admission of the surveillance video because it was admissible under the *res gestae* exception to Rule 404(b). **See** PCRA Court Opinion, 7/11/17, at 11-12; Commonwealth's Brief at 19. Thus,

the PCRA court and the Commonwealth maintain that Appellant was not prejudiced by its admission. We agree.

> This Court has explained:
>
> While evidence of prior bad acts is not admissible to show criminal propensity, evidence of other crimes may be admissible if it is relevant to show some other legitimate purpose. **Commonwealth v. Tyson**, 119 A.3d 353, 358 (Pa. Super. 2015). An exception to Rule 404(b) exists that permits the admission of evidence where it became part of the history of the case and formed part of the natural development of facts. **Commonwealth v. Solano**, 129 A.3d 1156, 1178 (Pa. 2015). This exception is commonly referred to as the *res gestae* exception. **Id.**

**Commonwealth v. Ivy**, 146 A.3d 241, 251 (Pa. Super. 2016). As our Supreme Court has observed, a trial court is not "required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged." **Commonwealth v. Paddy**, 800 A.2d 294, 308 (Pa. 2002) (quoting **Commonwealth v. Lark**, 543 A.2d 491, 501 (Pa. 1988)).

Thus, although Appellant was only convicted of crimes relating to her behavior outside of Pike Restaurant, the surveillance video was nonetheless admissible under the *res gestae* exception because it provides a complete picture of Appellant's behavior around the time of her removal from the bar. From the outset, Appellant has maintained that she did not behave in an aggressive manner on the night in question and that her actions were in response to the aggressive behavior of others and therefore, defensive. The

video is relevant because it shows that Appellant was behaving in an aggressive, belligerent manner prior to the arrival of the police and it was not the restaurant staff's or the police officers' actions that caused her to resist arrest and react violently toward the arresting officers. Accordingly, because Appellant has failed to establish that she was prejudiced by the admission of this evidence, we conclude that trial counsel was not ineffective for failing to object to it and the trial court did not err in dismissing this claim.

We next address Appellant's third and fourth issues together because they are related. Appellant argues that trial counsel was ineffective for failing to present rebutal evidence relating to Appellant's behavior inside of Pike Restaurant. Specifically, Appellant asserts that trial counsel should have questioned witnesses Heather Weaver (Weaver) and Heather Taylor (Taylor) about what actually happened inside the restaurant. Appellant asserts that Weaver and Taylor would have testified that Appellant was not behaving aggressively and that Appellant had a reputation for peacefulness. Appellant faults trial counsel for only questioning Weaver and Taylor about Appellant's interaction with the police. Appellant further asserts that trial counsel should have called Laura Hughes (Hughes), a Pike Restaurant bartender, as a witness because she was willing to testify that Appellant was not behaving in an aggressive or intoxicated manner in the restaurant.

With respect to Weaver and Taylor, trial counsel testified at Appellant's PCRA hearing that Weaver and Taylor did not inform him when he interviewed

them prior to Appellant's trial that they were able to and willing to provide testimony that Appellant was not behaving in an aggressive manner in the restaurant or that she had a reputation for peacefulness. N.T., 6/19/17, at 105-106. The record further reflects that Appellant provided trial counsel with summaries of how Weaver and Taylor would testify, but there is no indication that these summaries informed trial counsel that Weaver and Taylor could provide the aforementioned factual and character testimony. *Id.* at 107. Therefore, we cannot conclude that counsel was ineffective for failing to elicit testimony that he did not know existed at the time of trial. *See Commonwealth v. Wallace*, 500 A.2d 816, 819 (Pa. Super. 1985) ("trial counsel cannot be found ineffective for failing to present alleged exculpatory testimony of which he was unaware"). Despite the fact that Appellant, Weaver, and Taylor each had the opportunity to inform trial counsel about what happened inside the Pike Restaurant and Appellant's character for peacefulness – as opposed to just her interaction with the police – none of them did so.

As to trial counsel's failure to call Hughes to the witness stand, in order for counsel to be ineffective for failing to call a witness, the PCRA petitioner must demonstrate:

> (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to petitioner to have denied him or her a fair trial.

- 11 -

***Commonwealth v. Miner***, 44 A.3d 684, 687 (Pa. Super. 2012).

We conclude that trial counsel was not ineffective for his failure to call Hughes as a witness, because the absence of Hughes' testimony did not prejudice Appellant. At Appellant's PCRA hearing, trial counsel stated that he did not call Hughes to testify because her statement indicated that she had served Appellant drinks several hours prior to Appellant's arrest. N.T., 6/19/17, at 111. Trial counsel thus explained that he did not believe her testimony would have been relevant or aided Appellant, as it related only to Appellant's behavior several hours prior to the incident with police and did not provide any context about her removal from the restaurant or any information about her interaction with police. ***Id.*** Therefore, the trial court did not err in dismissing these claims.

In her fifth and final issue, Appellant argues that the PCRA court erred in excluding the opinion testimony of John Bergdoll, Esquire (Bergdoll) who she asserts would have established "that no reasonable attorney would have engaged in [trial counsel]'s strategy." Appellant's Brief at 55. This issue is waived for numerous reasons. First, Appellant failed to raise this issue in her PCRA petition. ***See Commonwealth v. Reid***, 99 A.3d 470, 494 (Pa. 2014) (claims not raised in a PCRA petition cannot be raised for the first time on appeal and are "indisputably waived"). Similarly, Appellant did not raise this issue in her Rule 1925(b) statement. ***See Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) ("any issues not raised in a Rule 1925(b) statement will

be deemed waived"). Moreover, even if Appellant had properly preserved this issue, she fails to describe Bergdoll's purported testimony and why he allegedly believes trial counsel's strategy was unreasonable. Thus, the issue is also waived because Appellant failed to develop it in a manner appropriate for appellate review. ***See Commonwealth v. Treiber***, 121 A.3d 435, 474 (Pa. 2015) (holding claim waived for failure to develop it). Appellant's final issue is therefore without merit.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/29/2018