J-A09026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAIRIL AMRIL SARAGIH | : | |
| | : | |
| Appellant | : | No. 1547 EDA 2018 |

Appeal from the PCRA Order April 9, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0000357-2014

BEFORE:   KUNSELMAN, J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 17, 2019**

Chairil Amril Saragih (Appellant) appeals *pro se* from the order denying his timely petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Appellant's convictions arose from his online interactions with an undercover police officer posing as a minor, during which Appellant arranged to meet with the alleged minor to participate in sex acts.  On May 7, 2014, a jury convicted Appellant of solicitation of involuntary deviate sexual intercourse (IDSI), attempt to commit IDSI, and criminal use of a communication facility.[1]  On August 14, 2014, Appellant was sentenced to an aggregate 3 to 6 years of imprisonment, followed by a year of probation.

---

[1]18 Pa.C.S.A. §§ 902/3123, 901/3123, and 7512.

---

*Retired Senior Judge assigned to the Superior Court.

Appellant filed a timely post-sentence motion, which the trial court denied on September 24, 2014. Thereafter, Appellant filed a direct appeal. On August 26, 2015, a panel of this Court vacated Appellant's attempt to commit IDSI conviction, but affirmed the judgment of sentence in all other respects. ***Commonwealth v. Saragih***, 131 A.3d 104 (Pa. Super. 2015) (unpublished memorandum) (attempt to commit IDSI conviction vacated because it should have merged with solicitation of IDSI for purposes of sentencing). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on February 25, 2016. ***Commonwealth v. Saragih***, 132 A.3d 458 (Pa. 2016).

On February 27, 2017, Appellant *pro se* filed the underlying PCRA petition. The PCRA court appointed counsel, who on February 21, 2018, filed a ***Turner***/***Finley***[2] "no-merit" letter and an application to withdraw. On March 8, 2018, the PCRA court granted counsel's application to withdraw and issued a notice of intent to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 907. Appellant filed a response to the notice on April 4, 2018. On April 9, 2018, the PCRA court dismissed Appellant's petition without a hearing.

Appellant filed a timely *pro se* appeal. Both the PCRA court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925. Appellant raises the following issues for our review:

---

[2]***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

1) Whether the trial court erred by influencing [Appellant's] decision to testify in [sic] his own behalf, in which before [Appellant] was asked about his decision, the trial court had made sure and believed that [Appellant] really understood about the right to testify and its risk, but then when [Appellant] knowingly and intelligently decided to exercise his absolute right to testify, the trial court was reluctant to grant it and influenced him to swing by advising him to confer with his counsel again?

2) Whether the trial counsel was ineffective by failing to timely object to the court when the court was interfering with [Appellant's] decision to testify, which alleged error denied [Appellant] the right to a fair trial by so undermined [sic] the truth determining process because the result of the waiver proceeding would have been different absent counsel's ineffectiveness?

3) Whether the trial counsel erred for advising [Appellant] not to take the stand (with reason that the [C]ommonwealth would ask the same questions several times and he was afraid that [Appellant] would give inconsistent answers), and his only strategy was to examine the Commonwealth witness (but then he failed to adequately examine the [C]ommonwealth witness for his false testimonies and to effectively argue with the trial court when he raised some objections), which alleged error denied [Appellant] the right to a fair trial by so undermined [sic] the truth determining process such that no reliable adjudication of guilt could have taken place?

4) Whether the appellate counsel was ineffective for advising [Appellant] that the issue of the court's misconduct should be filed on PCRA, not on direct appeal?

5) Whether PCRA counsel was ineffective for not adequately reviewing the record and supplemental information prior to filing his "No Merit" Letter, while the record and supplemental information clearly showed that entrapment lay just beneath his superficial review?

6) Whether the PCRA court violated paragraph (1) of Pa.R.Crim.P. 907 by dismissing the petition without an evidentiary hearing where there was a genuine issue of material fact as to whether trial counsel was ineffective for failing to timely object to the lower court['s] improper interference with his decision to testify?

Appellant's Brief at 4-5 (italics omitted).

Our standard of review governing the denial of a PCRA petition is as follows:

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Roney*, 79 A.3d 595, 603 (Pa. 2013) (citation omitted). "To be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, [that] his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2)[.]" *Id.*

Appellant first claims that during his jury trial, the "[t]rial court erred by influencing [Appellant's] decision to testify on his own behalf." Appellant's Brief at 17 (emphasis omitted). In its opinion, the PCRA court states "this claim is waived as it should have been raised on direct review." PCRA Court Opinion, 6/4/18, at 13. The Commonwealth agrees, noting:

> [Appellant], however, here initially contends that it was the trial [court] who misled him into not testifying. No objection was made at trial by defense counsel because the trial [court] properly questioned and correctly instructed [Appellant] on the law. [*S*]*ee* Tr., *Id.*, pp. 195-99. Without an objection, the issue was not preserved for review on direct appeal and cannot now be raised on PCRA appeal. Commonwealth v. Clayton, [] 816 A.2d 217, 219 ([Pa.] 2002).

Commonwealth Brief at 11 (underlining in original).

We agree with both the PCRA court and the Commonwealth that Appellant's first issue was not preserved at trial, nor on direct appeal, and is therefore waived. The transcript from Appellant's jury trial indicates that Appellant did not object to any statement made by the trial court during the course of Appellant's decision about whether to testify. *See* N.T., 5/7/14, at 195-199. Additionally, Appellant failed to raise the issue in his direct appeal. *See Saragih*, 131 A.3d at *2 (on direct appeal, Appellant raised two issues: an evidence suppression issue and an illegal sentence claim). Therefore, Appellant's first issue is waived for purposes of appellate review. 42 Pa.C.S.A. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so . . . at trial . . . [or] on appeal[.]").

In Appellant's second, third, fourth, and fifth issues, he claims ineffective assistance of counsel at various points during the course of his case. In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id.* (citation omitted). To demonstrate prejudice in an ineffective assistance of counsel claim, "the

petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Commonwealth v. King***, 57 A.3d 607, 613 (Pa. 2012).

Moreover, the "[petitioner] bears the burden of pleading and proving each of the three factors by a preponderance of the evidence." ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (citations omitted). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. ***Bomar***, 104 A.3d at 1188. "A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." ***Commonwealth v. Tharp***, 101 A.3d 736, 747 (Pa. 2014) (citations omitted).

In his second issue, Appellant asserts that trial counsel was ineffective for failing object to the trial court's alleged interference with Appellant's decision about whether to testify. Appellant's Brief at 28-31. The PCRA court disagrees, stating:

> The record is devoid of any support for Appellant's claim that counsel was ineffective for failing to object to the Court's alleged "undue influence" in forcing Appellant not to testify. Rather, the record shows that this Court explained to Appellant his constitutional right not to testify and reminded Appellant that he would be subject to cross examination if he did elect to testify. Counsel had no legitimate basis for objecting to the Court providing Appellant with the information needed to make an educated decision. As such, the claim lacks merit.

PCRA Court Opinion, 6/4/18, at 13-14 (citations omitted). The Commonwealth agrees, averring that "[n]o ineffective assistance can be found for refraining from making a meritless objection." Commonwealth Brief at 14.

We begin by noting that the "right of an accused to testify on his own behalf is a fundamental tenet of American jurisprudence and is explicitly guaranteed by Article I, Section 9 of the Pennsylvania Constitution." *Commonwealth v. Baldwin*, 8 A.3d 901, 902-903 (Pa. Super. 2010) (citing *Commonwealth v. Nieves*, 746 A.2d 1102, 1105 (Pa. 2000) and U.S. Const. Amend. VI). "[T]he decision to testify on one's own behalf is ultimately a decision to be made by the accused after consultation with counsel." *Baldwin*, 8 A.3d at 903 (citation omitted). However, when a defendant chooses to waive that right, "there is no express requirement that a trial court conduct . . . a colloquy with regard to a defendant's right to testify." *Commonwealth v. Todd*, 820 A.2d 707, 711 (Pa. Super. 2003). *See also Commonwealth v. Duffy*, 832 A.2d 1132, 1141 n.3 (Pa. Super. 2003) ("We note that there is no requirement that the trial court conduct an on-the-record colloquy when a defendant waives his right to testify.") (citation omitted).

As to counsels' objection responsibilities:

> [our Supreme] Court has recognized that counsel are not constitutionally required to forward any and all possible objections at trial, and the decision of when to interrupt oftentimes is a function of overall defense strategy being brought to bear upon issues which arise unexpectedly at trial and require split-second decision-making by counsel.

***Commonwealth v. Koehler***, 36 A.3d 121, 146 (Pa. 2012) (citation omitted).

Appellant's second issue fails on the first prong of the ineffectiveness test because the underlying claim has no arguable merit. Specifically, trial counsel had no reasonable basis to object because the trial court did not interfere with Appellant's decision to testify. At Appellant's trial, the following discussion was held between the trial court, Appellant, and Appellant's trial counsel:

> [COURT]: The Commonwealth has rested. At this point in time it's the defense case. And [trial counsel], [Appellant], I assume you explained to him that he is presumed innocent; that the Constitution gives him the right not to testify; that I will instruct the jury that they're not -- that if he elects not to testify that this cannot be held against him and it's his constitutional right. Have you instructed him accordingly?
>
> [Trial Counsel]: I have, Your Honor, yes.
>
> [COURT]: And [Appellant], you understand that?
>
> [Appellant]: Yes. I do understand.
>
> [COURT]: You understand that you don't have to testify; you don't have to present any evidence. The Commonwealth bears the burden of proof beyond a reasonable doubt. And I will tell the jury that. Do you understand that?
>
> [Appellant]: [No audible response]
>
> [COURT]: Do you understand that if you do testify, which is also your right, the Commonwealth can cross examine you on your testimony. Do you understand that?
>
> [Appellant]: I understand.
>
> [COURT]: And you've had an opportunity to discuss with [trial counsel] those rights? Yes?

[Appellant]: Yes.

[COURT]: And [trial counsel], has [Appellant] made a determination?

[Trial Counsel]: It's my understanding that he does not wish to testify. I just defer -- you've heard -- if I may colloquy him very briefly?

[COURT]: You may.

[Trial Counsel]: [Appellant], we've had some numerous discussions about this issue, both today and on prior occasions. And the indication I've received from you up till now, and you have the absolute right to change your mind, is that you don't wish to testify, is that correct? Is that still -- do you understand . . .

[Appellant]: I do understand, but I don't know what's the best for me to do right now.

[Trial Counsel]: Well that's -- it's always a difficult decision. You've had -- it's always a difficult decision. And there's no -- unfortunately no one has the benefit of knowing whether it would be right or wrong until after you've done it, if you choose to do it. And again, I've given you my -- you know -- I've been clear on what my opinion is, is that correct?

[Appellant]: Yes; that's correct.

[Trial Counsel]: It's correct in that you wish not to testify?

[Appellant]: I think I'm going to testify.

[COURT]: You want to testify?

[Appellant]: I want to convince the jury that I'm not guilty.

[COURT]: Let me just go over it one more time with you. It's your right to be able to testify. And I'm going to try to explain it to you. But if you take the witness stand, anything you say will give the District Attorney the opportunity to cross examine you.

[Appellant]: I'm aware of it.

[COURT]: You're aware of that. And you understand that you have a right not to testify and I will tell the jury in no uncertain terms that you don't have to testify. Do you understand that? Do you need a minute to confer with [trial counsel]?

[Appellant]: Just one minute.

[COURT]: Surely.

[Trial Counsel]: Judge, I believe we've had a minute to talk. And I believe it's his desire not to testify.

[COURT]: Is that correct?

[Appellant]: Yes. It is correct.

N.T., 5/7/14, at 195-199.

Upon review, we agree with the PCRA court and the Commonwealth that trial counsel was not ineffective in failing to object to the trial court's statements concerning Appellant's right to testify. Instead, our review reveals thorough and proper commentary by the trial court regarding Appellant's right to testify on his own behalf. The trial court, whose statements Appellant acknowledged, informed Appellant of his right not to testify, as well as his potential subjection to cross-examination if he opted to testify. The trial court's statements relate to Appellant's constitutional rights,[3] and as such, were clearly appropriate.

_____

[3]The Fifth Amendment provides "no person . . . shall be compelled in any criminal case to be a witness against himself[.]" U.S. Const. amend. V. "Additionally, although a defendant in a criminal proceeding may refuse to take the witness stand based upon the constitutional privilege against self-incrimination, a criminal defendant who takes the witness stand waives this

As there is no merit to Appellant's assertion that the trial court interfered with his decision about whether to testify, trial counsel had no reasonable basis to object to the trial court's statements. Appellant's second issue lacks merit.

In his third issue, Appellant asserts, "[t]rial counsel erred for advising [Appellant] not to take the stand." Appellant's Brief at 14. We reiterate that it is a criminal defendant's decision, after consultation with counsel, as to whether or not he will testify on his own behalf. ***Baldwin***, 8 A.3d at 903 (citation omitted). To prove that his trial counsel was ineffective for failing to put Appellant on the stand, Appellant must prove: "(1) that counsel interfered with the defendant's right to testify, or (2) that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf." ***Commonwealth v. Lawson***, 762 A.2d 753, 755 (Pa. Super. 2000) (citing ***Commonwealth v. Breisch***, 719 A.2d 352, 355 (Pa. Super. 1998). However:

> It is well-settled that a defendant who made a knowing, voluntary, intelligent waiver of testimony may not later claim ineffective assistance of counsel for failure to testify. ***See Commonwealth v. Fletcher***, [] 750 A.2d 261, 274-75 ([Pa.] 2000); ***Commonwealth v. Schultz***, 707 A.2d 513, 520 (Pa. Super. 1997) ("While, in retrospect, appellant may believe her failure to testify prejudiced her, the fact remains that appellant's decision was fully informed and voluntary. As such, neither trial nor appellate counsel may be deemed ineffective in this regard.") ***See***

---

privilege for purposes of cross-examination." ***In re M.W.***, 972 A.2d 1213, 1216 (Pa. Super. 2009) (citing ***Brown v. United States***, 78 S. Ct. 622 (1958).

*also Commonwealth v. Wallace*, [] 500 A.2d 816, 819-20 ([Pa. Super.] 1985); *Commonwealth v. Spells*, [] 416 A.2d 470, 474 ([Pa.] 1980) ("[W]here the appellant knowingly and intelligently decided not to testify, based on conversations with his lawyer, and the colloquy with the trial judge, we find no ineffectiveness.").

*Lawson*, 762 A.2d at 755-56.

After carefully reviewing the record, including the colloquy set forth above, we conclude that Appellant's waiver was voluntary and fully informed. *See* N.T., 5/7/14, at 195-199. Therefore, Appellant's trial counsel was not ineffective.[4] *Commonwealth v. O'Bidos*, 849 A.2d 243, 251 (Pa. Super. 2004) (citation omitted). Appellant's third issue is without merit.

In his fourth issue, Appellant asserts that appellate counsel was ineffective for failing to raise the trial court's alleged interference with Appellant's decision about whether to testify on direct appeal. Appellant's Brief at 33-36. As discussed above, this claim is meritless because there is no evidence that the trial court interfered with Appellant's decision about whether to testify at trial. N.T., 5/7/14, at 195-199. Accordingly, appellate counsel cannot be deemed ineffective for failing to raise a meritless claim, and

_____

[4] In Appellant's third claim, he also vaguely asserts that trial counsel's decision to only examine the Commonwealth's witnesses "denied [Appellant] the right to a fair trial." Appellant's Brief at 4-5. However, Appellant fails to adequately develop this claim in his brief, *id.* at 32-33, and it is therefore waived. *See Commonwealth v. Smyrnes*, 154 A.3d 741, 748 (Pa. 2017) ("Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citing *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009)). *See also* Pa.R.A.P. 2119(a).

Appellant's fourth issue does not warrant relief. *See Commonwealth v. Sims*, 919 A.2d 931, 939 (Pa. 2007) ("Counsel will not be found ineffective for failing to raise a meritless claim.").

Appellant's fifth issue reads: "Whether PCRA counsel was ineffective for not adequately reviewing the record and supplemental information prior to filing his 'No Merit' Letter, while the record and supplemental information clearly showed that entrapment lay just beneath his superficial review?" Appellant's Brief at 5 (italics omitted). However, in his three-page argument section pertaining to this issue, Appellant does not provide any discussion of his claim, fails to provide any reasoned development of why PCRA counsel's review was inadequate or how an alleged entrapment defense "lay just beneath his superficial review," nor does Appellant include citation to any relevant authority. *See* Appellant's Brief at 36-38.

Instead, Appellant appears to argue that PCRA counsel failed to keep him adequately updated on the status of his pending PCRA petition, and the **only** authority Appellant cites refers to an attorney's "duty to keep informed of developments in the course of the prosecution." Appellant's Brief at 37-38 (citing *Strickland v. Washington*, 104 S. Ct. 2052 (1984)). Because Appellant has included no discussion as to why he is entitled to relief, with citation to **relevant** authority, Appellant has waived review of his claim. *Commonwealth v. Sherwood*, 982 A.2d 483, 496 (Pa. 2009) (citations

omitted).  As we will not develop Appellant's arguments for him, this issue is not reviewable.  ***Johnson***, 985 A.2d at 925.

In his final issue, Appellant argues that the PCRA court erred in dismissing his petition without a hearing.  Appellant's Brief at 38-39.  This Court has explained:

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute.  It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence.  It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Commonwealth v. Walls***, 993 A.2d 289, 295 (Pa. Super. 2010) (internal citations and brackets omitted).  If the PCRA court "can determine without an evidentiary hearing that one of the prongs cannot be met, then no purpose would be advanced by holding an evidentiary hearing." ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

Here, Appellant argues that an evidentiary hearing was necessary for him to present evidence proving his claim that "trial counsel was ineffective for failing to timely object to the lower court['s] improper interference with his decision to testify."  Appellant's Brief at 5.  Again, as discussed above, this ineffectiveness claim is devoid of any arguable merit.  Thus, there were no genuine issues of material fact in controversy and no purpose would have

been served by holding a hearing. Accordingly, the PCRA court did not err in denying Appellant's petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/19